**GMR GYMNASTICS SALES, INC., Appellant,**

v.

**Michael WALZ, Appellee.**

No. 2–02–155–CV.

Court of Appeals of Texas, Fort Worth.

July 10, 2003.

Rehearing Overruled Aug. 27, 2003.

Bruce L. Dean, Karger Key Barnes & Springer, P.C., Dallas, for appellant.

David A. Schiller, Schiller. P.L.L.C., Dallas, for appellee.

Panel A: CAYCE, C.J.; LIVINGSTON and DAUPHINOT, JJ.

## OPINION

JOHN CAYCE, Chief Justice.

This is a restricted appeal from a $4 million default judgment attacking the validity of service of process against a nonresident defendant. In seven issues, GMR Gymnastics Sales, Inc. ("GMR") complains that the service of process was defective and the trial court abused its discretion by failing to grant GMR's motion for new trial. We will reverse the default judgment and remand the case for trial.

Michael Walz was a student gymnast at Eagle Mountain–Saginaw Independent School District. While doing swings on the high bars, the gymnastics grips he was wearing locked in place. Although his hands remained stationary on the bar, Walz's body continued to swing. As a result, he sustained multiple fractures in both of his arms. Walz later learned that GMR had manufactured and supplied the defective gymnastics grips.

On November 26, 2001, Michael Walz filed a suit that included claims against GMR for negligence in the manufacture and distribution of the defective gymnastics grips. Because GMR sold gymnastics equipment and supplies to schools and athletes in the State of Texas, but did not maintain a regular place of business or have a registered agent for service of process in Texas, Walz requested substituted service of process through the Texas Secretary of State. The Secretary of State forwarded process to GMR's CEO, Michael G. Rains, at 4679 Hugh Howell Road, Tucker, Georgia. On January 15, 2002, the Secretary of State filed a return of service bearing the notation that citation was "NOT DELIVERABLE AS ADDRESSED."

GMR failed to file an answer and Walz filed a motion for default judgment. On February 5, Walz filed a motion to sever GMR from the original lawsuit, which the trial court granted. After hearing evidence on the issues of liability and damages, the court rendered default judgment against GMR on February 8, 2002. The trial court awarded Walz damages in excess of $4 million, $21,493.06 of which was for past medical expenses.

On April 12, GMR filed a motion for new trial and a motion to extend posttrial deadlines alleging it did not receive actual notice of the judgment until March 11, 2002, thirty-one days after the judgment was signed. *See* TEX.R. CIV. P. 306a(4) (stating that the beginning date for determining the court's plenary power to grant a new trial is the date the party or his attorney received actual notice of the judgment, if the party did not receive notice of the judgment within twenty days of the date it was signed). The trial court overruled both motions. GMR then filed this restricted appeal.

A direct attack on a judgment by restricted appeal must: (1) be brought within six months after the trial court signs the

judgment; (2) by a party to the suit; (3) who did not participate in the hearing that resulted in the judgment made the subject of the complaint or file a timely post-judgment motion, request for findings of fact and conclusions of law, or other notice of appeal; and (4) raise error that is apparent on the face of the record. TEX. R.APP. P. 26.1(c), 30; *Quaestor Invs., Inc. v. State of Chiapas,* 997 S.W.2d 226, 227 (Tex.1999); *Norman Communications v. Tex. Eastman Co.,* 955 S.W.2d 269, 270 (Tex.1997).

It is undisputed that GMR established the first three required elements for a restricted appeal. Therefore, the only issue we must decide is whether error requiring reversal is apparent from the face of the record.

▄▄▄ In its first three issues, GMR contends that there is error requiring reversal on the face of the record because the record does not affirmatively show that GMR was served with process; instead, the Secretary of State's return of service shows that the citation was "NOT DELIVERABLE AS ADDRESSED" and that Walz provided the Secretary of State an incorrect address.[1] Walz contends that because GMR filed a partial reporter's record that omitted the record of the prove-up hearing without filing a statement of issues as required by appellate rule 34.6(c)(1), we must presume that the omitted record supports a finding that GMR was, in fact, served with process contrary to the unrebutted recitations in the Secretary of State's return. TEX.R.APP. P.

34.6(c)(1), (4). We disagree. The presumption of appellate rule 34.6(c)(1) does not apply to a restricted appeal attacking a default judgment on the ground that service of process was defective.

Strict compliance with the rules for service of citation must be affirmatively shown in the record for a default judgment to withstand attack by restricted appeal. *Primate Constr., Inc. v. Silver,* 884 S.W.2d 151, 152 (Tex.1994); *Wilson v. Dunn,* 800 S.W.2d 833, 836 (Tex.1990); *Uvalde Country Club v. Martin Linen Supply Co.,* 690 S.W.2d 884, 885 (Tex.1985); *McKanna v. Edgar,* 388 S.W.2d 927, 929 (Tex.1965); *Flynt v. City of Kingsville,* 125 Tex. 510, 82 S.W.2d 934, 934 (1935); *Sloan v. Batte,* 46 Tex. 215, 216 (1876); *Roberts v. Stockslager,* 4 Tex. 307, 309 (1849). We are not allowed to apply presumptions in favor of valid issuance, service, and return of citation in the face of such a challenge. *Primate,* 884 S.W.2d at 152. Thus, we cannot apply the presumption of appellate rule 34.6(c)(1) to supply facts necessary to establish Walz's strict compliance with the rules for service of citation or to controvert recitations in the Secretary of State's return.

▄▄▄ The only proof of service in the record before us is the Secretary of State's return bearing the notation "NOT DELIVERABLE AS ADDRESSED, UNABLE TO FORWARD." This recitation is prima facie evidence that the address Walz provided to the Secretary of State was incorrect and that GMR was not served. *See,*

---

1. The Texas long-arm statute requires that the plaintiff forward a statement containing the name and address of the defendant to the Secretary of State for service of process. TEX. CIV. PRAC. & REM.CODE ANN. § 17.044 (Vernon 1997), § 17.045 (Vernon Supp.2003). The Secretary of State is then required to immediately mail a copy of the process to the nonresident at the address provided. *Id.* § 17.045.

The return of service must show that the Secretary of State complied with the requirements of the long-arm statute by forwarding service of process to the defendant's correct address to withstand a challenge in a restricted appeal. *See Barnes v. Frost Nat'l Bank,* 840 S.W.2d 747, 750 (Tex.App.-San Antonio 1992, no writ).

*e.g., Wright Bros. Energy, Inc. v. Krough,* 67 S.W.3d 271, 274 (Tex.App.-Houston [1st Dist.] 2001, no pet.) (holding that in a similar case, process that was returned with notation "no such number" was sufficient to place plaintiff on notice that there was a problem with the address). The recitals in the Secretary of State's return of service did not cease to be prima facie evidence of the facts of service simply because GMR filed a partial reporter's record. It was Walz's responsibility to see that service was properly accomplished and reflected in the record, not GMR's. *See Primate,* 884 S.W.2d at 153. "The Rules of Civil Procedure allow for liberal amendment of the return of service to show the true facts of service." *Id.; see also* TEX.R. CIV. P. 118. If the facts recited in the Secretary of State's return of service were incorrect, Walz was required to amend the return of service. *See Primate,* 884 S.W.2d at 153. Walz, however, failed to do this.[2]

After reviewing the entire record, we conclude that there is no affirmative showing that Walz served GMR with process. *See Barnes,* 840 S.W.2d at 750 (holding that trial court does not have personal

jurisdiction over a defendant where certificate of service is returned "unclaimed" and record does not indicate that address provided by plaintiff was correct). Because there is error on the face of the record, we must reverse the default judgment and remand the case for trial.[3] *See Peralta v. Heights Med. Ctr., Inc.,* 485 U.S. 80, 86–87, 108 S.Ct. 896, 900, 99 L.Ed.2d 75 (1988) (holding that default judgment entered against a defendant who did not receive notice of the lawsuit must be set aside).

---

2. During oral argument, Walz's attorney asserted that evidence was admitted at the prove-up hearing showing the address provided to the Secretary of State was correct and that GMR was served at this address. To verify this statement, a reporter's record of the prove-up hearing was prepared and filed after submission on the court's own motion. *See* TEX.R.APP. P. 34.6(d). The supplemental reporter's record contains no evidence proving that the address Walz provided to the Secretary of State was correct, nor does it contain evidence showing that GMR was served with process.

Walz complains that we had no discretion to order that the record be supplemented and that, even assuming we did, supplementation unreasonably delayed disposition of the appeal. Rule 34.6(d), however, grants us broad authority to supplement the record on our

own motion "[i]f anything relevant is omitted from the reporter's record." *Id.* Unless supplementation will unreasonably delay disposition of the appeal, supplementation should be allowed. *Crown Life Ins. Co. v. Estate of Gonzalez,* 820 S.W.2d 121, 122 (Tex.1991). This is true whether the relevant parts of the record were omitted by mistake or at appellant's request. *See Gallagher v. Fire Ins. Exch.,* 950 S.W.2d 370, 371 (Tex.1997) (holding that appellant's failure to comply with rules for limiting appeal did not preclude her from supplementing the record). We ordered that the record be supplemented only after concluding that it would not cause an unreasonable delay in the disposition of this appeal.

3. Because this issue is dispositive of the case, we need not address GMR's remaining arguments on appeal. *See* TEX.R.APP. P. 47.1.