

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

NO. 2-09-007-CV

AEP ENGINEERING &amp;
CONSULTING, INC. D/B/A
TEXAS CONVEYORS

APPELLANT

V.

SICK, INC.

APPELLEE

------------

FROM COUNTY COURT AT LAW NO. 2 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant AEP Engineering &amp; Consulting, Inc. d/b/a Texas Conveyors appeals from the default judgment granted in favor of SICK, Inc. In this restricted appeal, AEP argues in one point that the trial court erred by entering the default judgment because the court did not obtain personal jurisdiction over

---

[1] *See* Tex. R. App. P. 47.4.

AEP due to defective service of process.  Because we hold that the record does not show that SICK used reasonable diligence in serving AEP's registered agent, we reverse the trial court's default judgment and remand this case for further proceedings consistent with this opinion.

Background Facts and Procedural History

On January 25, 2008, SICK filed an action on a sworn account and for unjust enrichment against AEP.  SICK's petition alleged that AEP could be served with citation at the office of AEP's registered agent, Eddie Pierce, located at "5602 Creekside Ct., Colleyville, TX."  The petition further asserted that if AEP could not be served after reasonable diligence, substituted service could be made upon the Secretary of State under article 2.11 of the business corporation act.[2]

On April 14, 2008, SICK filed with the trial court an "affidavit of attempted service" by Henry B. Mastellar, a process server.  Mastellar stated that the case "[c]ame to hand on the 11th day of February 2008, at 12:00 o'clock pm."  Mastellar then described his attempts at service:

Not executed by not delivering Citation to the within named: Eddie Pierce, Registered Agent.  After due and diligent efforts, affiant was unable to effect service as indicated below:

---

[2] Tex. Bus. Corp. Act Ann. art. 2.11 (Vernon Supp. 2009).

Date: 2-16-08   Time: 1:06 pm   Location: 5602 Creekside Ct.
Colleyville, Texas

Reason: Arrived at above residential address of defendant's usual
place of abode.  No answer.

Date: 2-18-08   Time: 4:55 pm   Location: 5602 Creekside Ct.
Colleyville, Texas

Reason: Arrived at above residential address of defendant's usual
place of abode.  No answer.

Date: 2-19-08   Time: 8:35 am   Location: 5602 Creekside Ct.
Colleyville, Texas

Reason: Arrived at above residential address of defendant's usual
place of abode.  No answer.

On May 5, 2008, SICK served the Secretary of State, who then forwarded the citation and original petition to Pierce at the same address at which Mastellar had attempted service.  The process was returned to the Secretary of State's office as unclaimed on June 2, 2008.  AEP did not file an answer, and on July 7, 2008, the trial court entered a default judgment awarding SICK $32,828 in actual damages, plus interest, and $16,000 in attorney's fees.  AEP subsequently filed this restricted appeal.

Standard of Review

A direct attack on a judgment by restricted appeal must: (1) be brought within six months after the trial court signs the judgment; (2) by a party to the suit; (3) who did not participate in the hearing that resulted in the judgment

3

made the subject of the complaint or file a timely postjudgment motion, request for findings of fact and conclusions of law, or other notice of appeal; and (4) raise error that is apparent on the face of the record.[3] The last element is at issue in this case.

For a default judgment to stand on direct appeal, the record must show strict compliance with the rules governing service of citation.[4] We make no presumptions in favor of valid issuance, service, and return of citation.[5] The failure to comply with the rules constitutes error on the face of the record.[6]

Analysis

In its sole point, AEP asserts that the trial court erred by granting the default judgment because it did not obtain personal jurisdiction over AEP due to defective service of process. AEP argues that the return failed to show that SICK exercised reasonable diligence in finding its registered agent before

---

[3] *See GMR Gymnastics Sales, Inc. v. Walz*, 117 S.W.3d 57, 58–59 (Tex. App.—Fort Worth 2003, pet. denied).

[4] *Ins. Co. of State of Pa. v. Lejeune*, 297 S.W.3d 254, 256 (Tex. 2009) (per curiam).

[5] *Wachovia Bank of Del., N.A. v. Gilliam*, 215 S.W.3d 848, 848 (Tex. 2007) (per curiam); *Uvalde Country Club v. Martin Linen Supply Co., Inc.*, 690 S.W.2d 884, 885 (Tex. 1985).

[6] *Lejeune*, 297 S.W.3d at 256; *see also GMR Gymnastics Sales*, 117 S.W.3d at 59.

substituting service on the Secretary of State and that the return is fatally defective because it (1) was not properly verified; (2) did not state when the citation was received, (3) did not show any attempt to serve the petition in addition to the citation, (4) was verified thirty days after it was signed, and (5) was signed by Mastellar before service was even attempted.

Rule 107 of the rules of civil procedure states:

No default judgment shall be granted in any cause until the citation, or process under Rules 108 or 108a [concerning service outside the state], with proof of service as provided by this rule or by Rules 108 or 108a, or as ordered by the court in the event citation is executed under Rule 106, shall have been on file with the clerk of the court ten days, exclusive of the day of filing and the day of judgment.[7]

SICK did not seek alternative service under rule 106, and rules 108 and 108a are inapplicable.[8] Thus, to be granted a default judgment, SICK had to show proof of service in compliance with rule 107. AEP does not contest the validity of the proof of service on or by the Secretary of State or that such proof was on file with the trial court for the required amount of time. AEP argues only

---

[7] ... Tex. R. Civ. P. 107.

[8] ... *See* Tex. R. Civ. P. 106 (discussing methods of service and authorizing alternative methods of service); Tex. R. Civ. P. 108 (governing service on an out-of-state defendant), Tex. R. Civ. P. 108a (governing service of process in foreign countries).

that the process server's return was conclusory on the question of diligence and that it contained fatal defects.

AEP argues that SICK had to comply with section 5.251(1)(B) of the business organizations code to serve the Secretary of State, but that section only became effective for all entities as of January 1, 2010. Prior to that time, the business organizations code applied to domestic entities that were formed on or after January 1, 2006, or that elected early adoption of the code.[9] Nothing in the record suggests that this section applies, and we therefore apply the statute in effect as of the time of service. Prior to the effective date of section 5.251, under article 2.11 of the business corporation act, the Secretary of State acted as the agent for service of process for a domestic corporation when, after reasonable diligence, the corporation's registered agent could not be found at the corporation's registered office.[10] Thus, the Secretary of State could only be served if, after reasonable diligence, AEP's registered agent could

---

[9] ... Tex. Bus. Orgs. Code Ann. §§ 402.001, 402.003, 402.005 (Vernon 2009).

[10] ... Tex. Bus. Corp. Act art. 2.11B ("Whenever a corporation shall fail to appoint or maintain a registered agent in this State, or whenever its registered agent cannot with reasonable diligence be found at the registered office, then the Secretary of State shall be an agent of such corporation upon whom any such process, notice, or demand may be served.").

not be found at the company's registered office.[11] A trial court may look at the entire record, not just the return of service, to determine whether the plaintiff used reasonable diligence.[12]

Considering the record as a whole, we cannot say that it establishes reasonable diligence. The pleadings do not discuss any attempts at service. SICK's original petition states only that *if* the registered agent cannot be found with reasonable diligence, then substituted service may be made on the Secretary of State. SICK did not amend its petition to allege any facts about its attempts at service.[13] No motion for default judgment appears in the record, nor does any other motion that disclosed to the trial court the efforts made to serve the registered agent.

---

[11] *See Ingram Indus., Inc. v. U.S. Bolt Mfg., Inc.*, 121 S.W.3d 31, 34 (Tex. App.—Houston [1st Dist.] 2003, no pet.) ("[A] default judgment obtained after an attempted substituted service [under article 2.11] will not stand absent a showing by the plaintiff that, before it resorted to substituted service, it first used reasonable diligence in seeking service on the registered agent of the corporation").

[12] *G.F.S. Ventures, Inc. v. Harris*, 934 S.W.2d 813, 816 (Tex. App.—Houston [1st Dist.] 1996, no writ).

[13] *See Charles Cohen, Inc. v. Adams*, 516 S.W.2d 464, 466–67 (Tex. Civ. App.—Tyler 1974, no writ) (noting that there were no allegations in the plaintiff's pleadings or evidence to authorize service under article 2.11 and that the plaintiff had not amended its petition to allege facts that would authorize service on the Secretary of State).

The only document in the record that touched on the diligence used is the "affidavit of attempted service" from Mastellar. This "affidavit" is in fact not an affidavit because, although it is a statement of facts, in writing, and signed by the party making it, it is not "sworn to before an officer authorized to administer oaths, and officially certified to by the officer under his seal of office."[14] The document is verified, but not by Mastellar. Instead, the verification states that Brandon James Flohr appeared before the notary public and swore to the representations made in the affidavit. That is, the person who swore to the affidavit (Brandon Flohr) was not the process server who made and signed it (Henry Mastellar). Nothing else in the record explains the diligence, if any, that SICK used in attempting to serve AEP's registered agent. We cannot hold that this record demonstrates reasonable diligence. Accordingly, we sustain AEP's sole issue.

---

[14] *See* Tex. Gov't Code Ann. § 312.011(1) (Vernon 2005) (defining the term "affidavit"); *In re Butler*, 270 S.W.3d 757, 759 (Tex. App.—Dallas 2008, no pet.) ("An affidavit is insufficient unless the statements in it are direct and unequivocal and perjury can be assigned to them.").

Having sustained AEP's sole issue, we reverse the trial court's default judgment and remand this cause for further proceedings consistent with this opinion.

LEE ANN DAUPHINOT
JUSTICE

PANEL:  LIVINGSTON, DAUPHINOT, and GARDNER, JJ.

DELIVERED:  April 8, 2010