COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-09-007-CV

 

 

AEP ENGINEERING &                                                           APPELLANT

CONSULTING, INC. D/B/A 

TEXAS CONVEYORS

 

                                                   V.

 

SICK, INC.                                                                            APPELLEE

 

                                              ------------

 

         FROM
COUNTY COURT AT LAW NO. 2 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








Appellant
AEP Engineering & Consulting, Inc. d/b/a Texas Conveyors appeals from the
default judgment granted in favor of SICK, Inc. 
In this restricted appeal, AEP argues in one point that the trial court
erred by entering the default judgment because the court did not obtain
personal jurisdiction over AEP due to defective service of process.  Because we hold that the record does not show
that SICK used reasonable diligence in serving AEP=s
registered agent, we reverse the trial court=s
default judgment and remand this case for further proceedings consistent with
this opinion.

Background Facts and Procedural
History

On
January 25, 2008, SICK filed an action on a sworn account and for unjust
enrichment against AEP.  SICK=s
petition alleged that AEP could be served with citation at the office of AEP=s
registered agent, Eddie Pierce, located at A5602
Creekside Ct., Colleyville, TX.@  The petition further asserted that if AEP
could not be served after reasonable diligence, substituted service could be
made upon the Secretary of State under article 2.11 of the business corporation
act.[2]

On April
14, 2008, SICK filed with the trial court an Aaffidavit
of attempted service@ by Henry B. Mastellar, a
process server.  Mastellar stated that
the case A[c]ame to hand on the 11th
day of February 2008, at 12:00 o=clock
pm.@  Mastellar then described his attempts at
service:

Not executed by not delivering Citation to the within named: Eddie
Pierce, Registered Agent.  After due
and diligent efforts, affiant was unable to effect service as indicated below:

 








Date:  2-16-08   Time:
1:06 pm    Location: 5602
Creekside Ct. Colleyville, Texas

 

Reason:  Arrived at above residential
address of defendant=s usual place of
abode.  No answer.

 

Date:  2-18-08   Time:
4:55 pm    Location: 5602
Creekside Ct. Colleyville, Texas

 

Reason:  Arrived at above residential
address of defendant=s usual place of
abode.  No answer.

 

Date:  2-19-08   Time:  8:35 am Location:  5602 Creekside Ct. Colleyville, Texas

 

Reason:  Arrived at above residential
address of defendant=s usual place of
abode.  No answer.

 

On May
5, 2008, SICK served the Secretary of State, who then forwarded the citation
and original petition to Pierce at the same address at which Mastellar had
attempted service.  The process was
returned to the Secretary of State=s office
as unclaimed on June 2, 2008.  AEP did
not file an answer, and on July 7, 2008, the trial court entered a default
judgment awarding SICK $32,828 in actual damages, plus interest, and $16,000 in
attorney=s
fees.  AEP subsequently filed this restricted
appeal.

Standard of Review








A direct
attack on a judgment by restricted appeal must: (1) be brought within six
months after the trial court signs the 
judgment; (2) by a party to the suit; (3) who did not participate in the
hearing that resulted in the judgment made the subject of the complaint or file
a timely postjudgment motion, request for findings of fact and conclusions of
law, or other notice of appeal; and (4) raise error that is apparent on the
face of the record.[3]  The last element is at issue in this case.

For a
default judgment to stand on direct appeal, the record must show strict
compliance with the rules governing service of citation.[4]  We make no presumptions in favor of valid
issuance, service, and return of citation.[5]  The failure to comply with the rules
constitutes error on the face of the record.[6]

Analysis








In its
sole point, AEP asserts that the trial court erred by granting the default
judgment because it did not obtain personal jurisdiction over AEP due to
defective service of process.  AEP argues
that the return failed to show that SICK exercised reasonable diligence in
finding its registered agent before substituting service on the Secretary of
State and that the return is fatally defective because it (1) was not properly
verified; (2) did not state when the citation was received, (3) did not show
any attempt to serve the petition in addition to the citation, (4) was verified
thirty days after it was signed, and (5) was signed by Mastellar before service
was even attempted.

Rule 107
of the rules of civil procedure states:

No default judgment shall be granted in any cause until the citation,
or process under Rules 108 or 108a [concerning service outside the state], with
proof of service as provided by this rule or by Rules 108 or 108a, or as
ordered by the court in the event citation is executed under Rule 106, shall
have been on file with the clerk of the court ten days, exclusive of the day of
filing and the day of judgment.[7]

 








SICK did not seek alternative
service under rule 106, and rules 108 and 108a are inapplicable.[8]  Thus, to be granted a default judgment, SICK
had to show proof of service in compliance with rule 107.  AEP does not contest the validity of the
proof of service on or by the Secretary of State or that such proof was on file
with the trial court for the required amount of time.  AEP argues only that the process server=s return
was conclusory on the question of diligence and that it contained fatal
defects.








AEP
argues that SICK had to comply with section 5.251(1)(B) of the business
organizations code to serve the Secretary of State, but that section only
became effective for all entities as of January 1, 2010.  Prior to that time, the business
organizations code applied to domestic entities that were formed on or after
January 1, 2006, or that elected early adoption of the code.[9]  Nothing in the record suggests that this
section applies, and we therefore apply the statute in effect as of the time of
service.  Prior to the effective date of
section 5.251, under article 2.11 of the business corporation act, the
Secretary of State acted as the agent for service of process for a domestic
corporation when, after  reasonable
diligence, the corporation=s
registered agent could not be found at the corporation=s
registered office.[10]  Thus, the Secretary of State could only be
served if, after reasonable diligence, AEP=s
registered agent could not be found at the company=s
registered office.[11]  A trial court may look at the entire record,
not just the return of service, to determine whether the plaintiff used
reasonable diligence.[12]

Considering
the record as a whole, we cannot say that it establishes reasonable
diligence.  The pleadings do not discuss
any attempts at service.  SICK=s
original petition states only that if the registered agent cannot be
found with reasonable diligence, then substituted service may be made on the
Secretary of State.  SICK did not amend
its petition to allege any facts about its attempts at service.[13]  No motion for default judgment appears in the
record, nor does any other motion that disclosed to the trial court the efforts
made to serve the registered agent.








The only
document in the record that touched on the diligence used is the Aaffidavit
of attempted service@ from Mastellar.  This Aaffidavit@ is in
fact not an affidavit because, although it is a statement of facts, in writing,
and signed by the party making it, it is not Asworn to
before an officer authorized to administer oaths, and officially certified to
by the officer under his seal of office.@[14]  The document is verified, but not by
Mastellar. Instead, the verification states that Brandon James Flohr appeared
before the notary public and swore to the representations made in the
affidavit.  That is, the person who swore
to the affidavit (Brandon Flohr) was not the process server who made and signed
it (Henry Mastellar).  Nothing else in
the record explains the diligence, if any, that SICK used in attempting to
serve AEP=s registered agent.  We cannot hold that this record demonstrates
reasonable diligence.  Accordingly, we sustain
AEP=s sole
issue.

 

 








Having
sustained AEP=s sole issue, we reverse the
trial court=s default judgment and remand
this cause for further proceedings consistent with this opinion.

 

 

LEE ANN DAUPHINOT

JUSTICE

 

PANEL:  LIVINGSTON, DAUPHINOT, and GARDNER, JJ.

DELIVERED:  April 8, 2010

 











[1]See Tex. R. App. P. 47.4.





[2]Tex. Bus. Corp. Act Ann.
art. 2.11 (Vernon Supp. 2009).





[3]GMR Gymnastics Sales,
Inc. v. Walz,
117 S.W.3d 57, 58B59 (Tex. App.CFort Worth 2003, pet.
denied).





[4]Ins. Co. of State of Pa.
v. Lejeune,
297 S.W.3d 254, 256 (Tex. 2009) (per curiam).





[5]Wachovia Bank of Del.,
N.A. v. Gilliam, 215 S.W.3d 848, 848 (Tex. 2007) (per curiam); Uvalde Country Club
v. Martin Linen Supply Co., Inc., 690 S.W.2d 884, 885 (Tex. 1985).





[6]Lejeune, 297 S.W.3d at 256; see
also GMR Gymnastics Sales, 117 S.W.3d at 59.





[7]Tex. R. Civ. P. 107.





[8]See Tex. R. Civ. P. 106
(discussing methods of service and authorizing alternative methods of service);
Tex. R. Civ. P. 108 (governing service on an out-of-state defendant), Tex. R.
Civ. P. 108a (governing service of process in foreign countries).





[9]Tex. Bus. Orgs. Code Ann.
'' 402.001, 402.003,
402.005 (Vernon 2009).





[10]Tex. Bus. Corp. Act art.
2.11B (AWhenever a corporation
shall fail to appoint or maintain a registered agent in this State, or whenever
its registered agent cannot with reasonable diligence be found at the
registered office, then the Secretary of State shall be an agent of such
corporation upon whom any such process, notice, or demand may be served.@).





[11]See Ingram Indus., Inc.
v. U.S. Bolt Mfg., Inc., 121 S.W.3d 31, 34 (Tex. App.CHouston [1st Dist.] 2003,
no pet.) (A[A] default judgment obtained
after an attempted substituted service [under article 2.11] will not stand
absent a showing by the plaintiff that, before it resorted to substituted
service, it first used reasonable diligence in seeking service on the
registered agent of the corporation@).





[12]G.F.S. Ventures, Inc. v.
Harris,
934 S.W.2d 813, 816 (Tex. App.CHouston [1st Dist.] 1996, no writ).





[13]See Charles Cohen, Inc.
v. Adams,
516 S.W.2d 464, 466B67 (Tex. Civ. App.CTyler 1974, no writ)
(noting that there were no allegations in the plaintiff=s pleadings or evidence
to authorize service under article 2.11 and that the plaintiff had not amended
its petition to allege facts that would authorize service on the Secretary of
State).





[14]See Tex. Gov=t Code Ann. ' 312.011(1) (Vernon 2005)
(defining the term Aaffidavit@); In re Butler,
270 S.W.3d 757, 759 (Tex. App.CDallas 2008, no pet.) (AAn affidavit is
insufficient unless the statements in it are direct and unequivocal and perjury
can be assigned to them.@).