

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-10-008-CV

BILLY LEE BURGIN                                            APPELLANT

V.

THE FROST NATIONAL BANK                                     APPELLEE

-----------

FROM THE 17TH DISTRICT COURT OF TARRANT COUNTY

-----------

## MEMORANDUM OPINION[1]

-----------

Billy Lee Burgin filed this restricted appeal from a default judgment granted in favor of Appellee The Frost National Bank on Frost's suit for breach of contract. Burgin raises two points, both based on the trial court rendering judgment while Burgin's co-defendant was in bankruptcy. Because we hold that Burgin has not demonstrated error on the face of the record, we affirm the trial court's judgment.

According to Frost's original petition, Burgin and Andrew Totz executed personal guarantees for two loans made by Summit Bank, N.A. The first loan was

---

[1] See Tex. R. App. P. 47.4.

made to Apprecia LP and assumed by 8525 Mid-Cities Boulevard LLC (Mid-Cities), in which Burgin owned an interest. The second loan was made to Mid-Cities. Summit Bank merged with Frost, which became the owner and holder of the notes. Mid Cities, Totz, and Burgin subsequently defaulted on their obligations under the notes and guarantees.

Frost filed suit against Burgin and Totz, jointly and severally, to recover for breach of contract based on their guarantees. Frost served Burgin on July 2, 2008, and filed proof of service with the trial court on July 10, 2008. A little over a year later, on July 21, 2009, Frost filed a motion for default judgment against Burgin, which the trial court granted the next day. The judgment awarded Frost actual damages of $155,478.18, prejudgment interest, postjudgment interest, and attorney's fees. This judgment became final when, on Frost's motion, the trial court dismissed Frost's claims against Totz without prejudice on September 16, 2009. On January 8, 2010, Burgin filed a notice of restricted appeal.

A direct attack on a judgment by restricted appeal must (1) be brought within six months after the trial court signs the judgment; (2) by a party to the suit; (3) who did not participate in the hearing that resulted in the judgment made the subject of the complaint or file a timely postjudgment motion, request for findings of fact and conclusions of law, or other notice of appeal; and (4) raise error that is apparent on

2

the face of the record.[2] The parties dispute whether Burgin has satisfied the last element.

Burgin argues in two points that the record does show error. In his first point, Burgin argues that the trial court erred by granting a default judgment and that the judgment is void because Totz, his co-debtor and co-defendant, was in bankruptcy, and the automatic stay was in effect at the time that the judgment was entered. In his second point, Burgin argues that the default judgment is void because Frost failed to advise the trial court of the bankruptcy case against Totz and failed to request a severance prior to the entry of the default judgment. He combines his argument on these two points.

When an entity[3] files for bankruptcy, an automatic stay of judicial proceedings goes into effect, but ordinarily, this stay only operates against the debtor.[4] Under certain circumstances, the automatic stay may be extended to parties other than the debtor, such as co-debtors or co-defendants.[5] Nothing in the record that was before

---

[2] *GMR Gymnastics Sales, Inc. v. Walz*, 117 S.W.3d 57, 58–59 (Tex. App.—Fort Worth 2003, pet. denied).

[3] *See* 11 U.S.C.A. § 101(15) (Supp. 2010) (defining the term "entity" to include "person, estate, trust, governmental unit, and United States trustee").

[4] *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 604 (Tex. 2000).

[5] *Lisanti v. Dixon*, 147 S.W.3d 638, 641 (Tex. App.—Dallas 2004, pet. denied), *cert. denied*, 549 U.S. 818 (2006); *see also* 11 U.S.C.A. § 362(a) (Supp. 2010) (making automatic stay applicable to proceedings to obtain property of the debtor's estate).

the trial court when it entered its judgment shows that Totz had filed for bankruptcy.[6] Thus, nothing on the face of the record shows that the default judgment was entered while an automatic stay applied to Burgin.  We therefore overrule Burgin's first point. As to his second point, Burgin fails to make any argument as to why Frost's failure to notify the trial court of Totz's bankruptcy filing or its failure to request a severance constitutes error on the face of the record.[7]  Accordingly, we overrule this point.

Having overruled both of Burgin's points, we affirm the trial court's judgment.

LEE ANN DAUPHINOT
JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and MEIER, JJ.

DELIVERED:  May 6, 2010

---

[6] *See Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848–49 (Tex. 2004) (noting that "the face of the record" for deciding a restricted appeal includes only the evidence that was before the trial court at the time it rendered its judgment).

[7] *See* Tex. R. App. P. 38.1(i).