COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                                 NO.
2-10-008-CV

 

 

BILLY LEE BURGIN                                                                           APPELLANT

 

                                                             V.

 

THE FROST NATIONAL
BANK                                                             APPELLEE

 

                                                       ------------

 

               FROM
THE 17TH DISTRICT COURT OF TARRANT COUNTY

 

                                                       ------------

 

                                      MEMORANDUM OPINION[1]

 

                                                       ------------

Billy
Lee Burgin filed this restricted appeal from a default judgment granted in
favor of Appellee The Frost National Bank on Frost=s
suit for breach of contract.  Burgin
raises two points, both based on the trial court rendering judgment while
Burgin=s
co-defendant was in bankruptcy.  Because
we hold that Burgin has not demonstrated error on the face of the record, we
affirm the trial court=s judgment.








According
to Frost=s
original petition, Burgin and Andrew Totz executed personal guarantees for two
loans made by Summit Bank, N.A.  The
first loan was made to Apprecia LP and assumed by 8525 Mid-Cities Boulevard LLC
(Mid-Cities), in which Burgin owned an interest.  The second loan was made to Mid-Cities.  Summit Bank merged with Frost, which became
the owner and holder of the notes.  Mid
Cities, Totz, and Burgin subsequently defaulted on their obligations under the
notes and guarantees.

Frost
filed suit against Burgin and Totz, jointly and severally, to recover for
breach of contract based on their guarantees. 
Frost served Burgin on July 2, 2008, and filed proof of service with the
trial court on July 10, 2008.  A little
over a year later, on July 21, 2009, Frost filed a motion for default judgment
against Burgin, which the trial court granted the next day.  The judgment awarded Frost actual damages of
$155,478.18, prejudgment interest, postjudgment interest, and attorney=s
fees.  This judgment became final when,
on Frost=s
motion, the trial court dismissed Frost=s
claims against Totz without prejudice on September 16, 2009.  On January 8, 2010, Burgin filed a notice of
restricted appeal.








A
direct attack on a judgment by restricted appeal must (1) be brought within six
months after the trial court signs the judgment; (2) by a party to the suit;
(3) who did not participate in the hearing that resulted in the judgment made
the subject of the complaint or file a timely postjudgment motion, request for
findings of fact and conclusions of law, or other notice of appeal; and (4)
raise error that is apparent on the face of the record.[2]
The parties dispute whether Burgin has satisfied the last element.

Burgin
argues in two points that the record does show error.  In his first point, Burgin argues that the
trial court erred by granting a default judgment and that the judgment is void
because Totz, his co-debtor and co-defendant, was in bankruptcy, and the
automatic stay was in effect at the time that the judgment was entered.  In his second point, Burgin argues that the
default judgment is void because Frost failed to advise the trial court of the
bankruptcy case against Totz and failed to request a severance prior to the
entry of the default judgment.  He
combines his argument on these two points.








When
an entity[3]
files for bankruptcy, an automatic stay of judicial proceedings goes into
effect, but ordinarily, this stay only operates against the debtor.[4]  Under certain circumstances, the automatic
stay may be extended to parties other than the debtor, such as co-debtors or
co-defendants.[5]  Nothing in the record that was before the
trial court when it entered its judgment shows that Totz had filed for
bankruptcy.[6]  Thus, nothing on the face of the record shows
that the default judgment was entered while an automatic stay applied to Burgin.  We therefore overrule Burgin=s
first point.  As to his second point,
Burgin fails to make any argument as to why Frost=s
failure to notify the trial court of Totz=s
bankruptcy filing or its failure to request a severance constitutes error on
the face of the record.[7]  Accordingly, we overrule this point.

Having
overruled both of Burgin=s points, we affirm the
trial court=s
judgment.

 

 

LEE ANN DAUPHINOT

JUSTICE

 

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and MEIER, JJ.

 

DELIVERED:  May 6, 2010











[1]See Tex. R. App. P. 47.4.





[2]GMR Gymnastics Sales,
Inc. v. Walz,
117 S.W.3d 57, 58B59 (Tex. App.CFort Worth 2003, pet.
denied).





[3]See 11 U.S.C.A. ' 101(15) (Supp. 2010)
(defining the term Aentity@ to include Aperson, estate,
trust, governmental unit, and United States trustee@).





[4]In re Sw. Bell Tel.
Co.,
35 S.W.3d 602, 604 (Tex. 2000).





[5]Lisanti v. Dixon, 147 S.W.3d 638, 641
(Tex. App.CDallas 2004, pet.
denied), cert. denied, 549 U.S. 818 (2006); see also 11 U.S.C.A. ' 362(a) (Supp. 2010)
(making automatic stay applicable to proceedings to obtain property of the
debtor=s estate). 





[6]See Alexander v.
Lynda=s Boutique, 134 S.W.3d 845, 848B49 (Tex. 2004)
(noting that Athe face of the
record@ for deciding a
restricted appeal includes only the evidence that was before the trial court at
the time it rendered its judgment).





[7]See Tex. R. App. P.
38.1(i).