02-12-043-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-12-00043-CV

 

 


 
 
 Michelle
 Woods
  
 v.
  
 Quorum
 Hotels & Resorts, Ltd.; Perini-Grapevine, Inc. d/b/a Hilton DFW Lakes
 Executive Conference Center; and Paul Joo
 
 
 §
  
 §
  
 §
  
 §
  
  
 
 
 From the 67th District Court
  
 of
 Tarrant County (67-253119-11)
  
 January
 31, 2013
  
 Opinion
 by Justice Dauphinot
 
 


 

JUDGMENT

 

This
court has considered the record on appeal in this case and holds that there was
no error in the trial court’s order.  It is ordered that the order of the trial
court is affirmed.

          It
is further ordered that Appellant Michelle Woods shall pay all of the costs of
this appeal, for which let execution issue.

 

 

SECOND DISTRICT COURT OF APPEALS

 

 

 

By_________________________________

    Justice Lee Ann Dauphinot








 

 

 

 

 

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-12-00043-CV

 

 


 
 
 Michelle Woods
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 Quorum Hotels & Resorts, Ltd.;
 Perini-Grapevine, Inc. d/b/a Hilton DFW Lakes Executive CONFERENCE CENTER;
 and Paul Joo
 
 
  
 
 
 APPELLEES
 
 


 

 

----------

FROM THE 67th
District Court OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

Appellant
Michelle Woods brings this restricted appeal from the trial court’s dismissal
of her case, arguing that she did not receive notice of a scheduling conference
or dismissal hearing and that she was diligently prosecuting her case when the
trial court dismissed it.  Because we must hold that Woods has not shown error
on the face of the record, we are constrained to affirm the trial court’s order.

Woods
sued Appellees Quorum Hotels & Resorts, Ltd.; Perini-Grapevine, Inc. d/b/a
Hilton DFW Lakes Executive Conference Center (collectively Hotel); and Paul
Joo, alleging that while staying at the Hilton in May 2009, Joo sexually
assaulted her.  Hotel filed an answer on June 17, 2011.

On
June 30, 2011, the trial court ordered a scheduling conference to be held on
July 27, 2011.  The order stated that “[f]ailure of any party to appear may
result in dismissal of this case.”  The order had a notation at the bottom that
the order was to be copied to the attorneys for Woods and for Hotel.

Neither
Woods nor her attorney appeared at the scheduling conference.  That same day,
the trial court signed an order dismissing Woods’s claims without prejudice.

On
December 9, 2011, Woods filed a motion to reinstate.  In the motion, Woods
asserted that she never received any notice of a scheduling conference or
dismissal hearing.  Attached to the motion was an affidavit from Woods’s
attorney in which he stated that he never received a copy of the scheduling
order and did not become aware of it until he received notice that the case had
been dismissed.  Nothing in the record indicates that the trial court took any
action on the motion, which was not timely filed.  On January 27, 2012, Woods
filed this restricted appeal.

A
restricted appeal must:  (1) be brought within six months after the trial court
signs the judgment; (2) by a party to the suit; (3) who did not participate in
the hearing that resulted in the judgment made the subject of the complaint or
file a timely postjudgment motion, request for findings of fact and conclusions
of law, or other notice of appeal; and (4) raise error that is apparent on the
face of the record.[2]  Only the last
requirement is at issue in this case.  When reviewing Woods’ issues, then, we
must consider whether her complaints relate to error that is apparent on the
face of the record.

Woods
argues in her first issue that the trial court abused its discretion by
dismissing her case without giving her notice of a dismissal hearing.  Woods
asserts that the trial court’s dismissal of her case violated her due process
rights.  Woods contends that before a trial court may dismiss a case for want
of prosecution, a party must be provided with notice and an opportunity to be
heard, and Woods’s attorneys had no knowledge of the scheduling conference before
the hearing.  Woods also asserts that the scheduling order does not satisfy the
proper dismissal procedures and notice under the rules of civil procedure. 
And, Woods argues, she was entitled to an evidentiary hearing before dismissal,
and a court reporter is required for an evidentiary hearing, but there was no
court reporter at the dismissal hearing, and therefore the trial court’s order
must be reversed as a matter of law.

Rule
165a of the civil procedure rules provides that “[a] case may be dismissed for
want of prosecution on failure of any party seeking affirmative relief to
appear for any hearing or trial of which the party had notice.”[3]  As
Woods asserts, the rule requires that the clerk send each attorney of record notice
of (1) the court’s intention to dismiss and (2) the date and place of the
dismissal hearing.[4]

Unfortunately,
Woods’s arguments under this issue have been rejected by the Supreme Court of
Texas.  Although the rules governing dismissals for want of prosecution direct
the clerk to mail notice of the dismissal hearing as well as a notice that the
trial court signed a dismissal order, the rules do not impose upon the clerk an
affirmative duty to indicate anywhere in the record that these notices were
sent.[5] 
For that reason, silence in the record about whether the clerk provided either notice
of intent to dismiss or notice of the order of dismissal does not establish
error on the face of the record.[6]  As
the Supreme Court has stated, in a restricted appeal, it is not enough that
error may be inferred; it must be apparent.[7]  And the absence in the record
about the sending of notices neither establishes that notice was provided nor
establishes that it was not.[8]  If
we cannot affirmatively determine from the face of the record that notices were
not provided, then the error is not apparent on the face of the record.

Applying
the law to this case, although the trial record does not show on its face that notices
were mailed to Woods, that fact alone is not error apparent on the face of the
record.[9]  This
situation is different from, for example, a default judgment, because citation
and return of service must be on file more than ten days before the trial court
may properly render a default judgment.[10]  Thus,
in a restricted appeal from a default judgment, if the trial record does not
show service, the trial record shows error on its face.[11]  This
appeal, however, resulted from a dismissal after Woods failed to appear for a
scheduling conference, the same situation the Supreme Court addressed in Alexander,
and not from a default judgment.  Accordingly, we are compelled to hold that Woods
has not shown error on the face of the record with respect to whether the trial
court provided notice of either the scheduling conference or the dismissal
order.  We overrule this part of Woods’s first issue.

Regarding
whether the trial court’s scheduling order properly provided the type of notice
that is required to dismiss a case under rule 165a, the Alexander court
addressed a similar fact situation and stated,

The order setting the pre-trial conference plainly warned
the litigants that they could expect the trial court to dismiss the case for
want of prosecution if Lynda’s Boutique failed to attend: Failure to appear
without excuse will result in [1] dismissal of the case for want of prosecution
or [2] entering sanctions or other orders as the Court deems appropriate.  The
fact that the trial court said that it might order sanctions in addition or as
an alternative to dismissal did not diminish the warning that dismissal was at
issue.  The fact that the order in this case explicitly states that the court
could order lesser or alternative sanctions does nothing more than state the
court’s inherent authority.[12]

Here,
as in Alexander, the trial court’s order put Woods on notice that
dismissal was at issue.  Woods has therefore not shown error on the face of the
record with respect to whether the order provided notice that her claims could
be dismissed.  We overrule this part of Woods’s first issue.

As
for Woods’s complaint about the failure of the court to hold a dismissal
hearing, again, she has not shown error on the face of the record.  Here, as in
Alexander, “the parties were told to appear on a specific day at a
specific time and that if they did not do so, the case could be dismissed for
want of prosecution”—“[t]hey were told when and where to appear and what the
adverse consequences could be if they did not appear.”[13] 
The Alexander court held that under those facts, the failure of the
trial court to conduct a dismissal hearing is not error that is apparent from
the face of the record.[14]  In this case, Woods was
told a specific day and time to appear and that if she did not appear, her claims
could be dismissed, and Woods failed to comply with the express requirements of
the trial court’s order.  We must therefore hold that the failure of the trial
court to conduct a dismissal hearing is not error that is apparent from the
face of the record.

Regarding
Woods’s due process claim, the Alexander court addressed a similar
issue, holding that

[b]ecause the notice in this case clearly set a date and
time for a hearing and clearly stated that the parties could expect the court
to dismiss the case for want of prosecution for nonattendance, the order
satisfies any requirement that there be notice and an opportunity to be heard
before a case is dismissed for want of prosecution.  The right to seek
reinstatement as provided in Rule 165a(3), a restricted appeal in the
appropriate case, and procedures for a bill of review will generally satisfy
any due process concerns that might arise in this context.[15]

Applying
this language, under these facts, the trial court’s dismissal of Woods’s case
without an evidentiary hearing did not violate her due process rights.  We
overrule the remainder of Woods’s first issue.

Woods
argues in her second issue that the trial court abused its discretion by giving
her the “death penalty” when a lesser sanction would have been more appropriate
and that the trial court should have held a show cause hearing to determine why
she did not attend and whether a lesser sanction was appropriate.  The
face of the record does not show that the dismissal was a sanction. 
Accordingly, the law regulating a trial court’s authority to sanction a party
does not apply.  And because we have held that Woods has not shown error on the
face of the record regarding the trial court’s dismissal of her case under rule
165a, we need not consider whether the trial court could have dismissed her
claims as a sanction.  We overrule Woods’s second issue.

Finally,
in her third issue, Woods argues that the trial court abused its discretion by
dismissing her case when she was diligently prosecuting it.  Under this issue,
Woods argues that after a dismissal for want of prosecution, if a plaintiff
files a motion to reinstate showing that she was reasonably diligent in
prosecuting her suit, the court should reinstate the case.  Woods then explains
what her attorney had done in pursuing her case.  But Woods has not shown error
on the face of the record regarding whether the trial court erred by dismissing
her claims.

When
the trial court signed an order dismissing her claims, it did not have before
it the affidavits on which Woods now relies.  Those affidavits would be
relevant to whether the trial court should have granted her motion to reinstate
had it been timely filed, not to whether dismissal was proper at the time the
dismissal order was signed.  But Woods did not timely file
her motion to reinstate, so the trial court could not have erred by failing to
grant it.[16]

Woods’s
argument about showing diligence in prosecution in order to have a claim reinstated
does not establish that the trial court erred by dismissing the claim in the
first place.  And, importantly, the Supreme Court has stated that “[t]he rule
has long been that evidence not before the trial court prior to final
judgment may not be considered” in a restricted appeal.[17] 
Instead, when extrinsic evidence is necessary to challenge the trial court’s
judgment, the appropriate remedy is by motion for new trial or by bill of
review filed in the trial court, not by restricted appeal.[18] 
The affidavits were filed in the trial court, but they were not on file with
the trial court at the time it rendered judgment.  If Woods wished to have the
affidavits considered, her remedy was by bill of review—a remedy that we point
out may still be available to her.[19]

Because
Woods has not shown error on the face of the record relating to the trial
court’s dismissal of her case for failure to appear at the scheduling
conference, we overrule Woods’s third issue.

Having
overruled Woods’s three issues, we are compelled to affirm the trial court’s
order.

 

 

 

LEE ANN DAUPHINOT JUSTICE

 

PANEL: 
LIVINGSTON,
C.J.; DAUPHINOT and GARDNER, JJ.

 

DELIVERED:  January 31, 2013









[1]See Tex. R. App. P. 47.4.





[2]GMR Gymnastics Sales,
Inc. v. Walz, 117 S.W.3d 57, 58–59 (Tex. App.—Fort Worth 2003, pet.
denied); Clopton v. Pak, 66 S.W.3d 513, 515 (Tex. App.—Fort Worth 2001,
pet. denied); see also Gold v. Gold, 145 S.W.3d 212, 213 (Tex. 2004) (“[A]
restricted appeal requires error that is apparent, not error that may be
inferred.”)





[3]Tex. R. Civ. P. 165a.





[4]Id.





[5]Ginn v. Forrester,
282 S.W.3d 430, 433 (Tex. 2009).





[6]Id.; Alexander
v. Lynda’s Boutique, 134 S.W.3d 845, 849 (Tex. 2004).





[7]Gold, 145 S.W.3d at
213.





[8]See Gen. Elec. Co. v.
Falcon Ridge Apartments, Joint Venture, 811 S.W.2d 942, 943–44 (Tex. 1991)
(distinguishing cases in which procedural rules impose a duty either on the
parties or the clerk to ensure that notice was affirmatively shown in the
record, pointing out that “[t]here is thus nothing in the transcript before us
that affirmatively indicates that notice was given, nor any notation to
establish that notice was omitted,” and holding that “[t]he absence from the
record of affirmative proof that notice of intent to dismiss or of the order of
dismissal was provided does not establish error”).





[9]See Alexander, 134
S.W.3d at 849–50 (“[T]he fact that the record is silent about the sending of
notices under Rule 165a does not establish error on the face of the record.”).





[10]Tex. R. Civ. P. 107(h).





[11]See, e.g., JPMorgan
Chase Bank, N.A. v. Tejas Asset Holdings, L.L.C., No. 05-11-00962-CV, 2012
WL 3929798, at *2 (Tex. App.—Dallas Sept. 10, 2012, no. pet. h.); see also
Gen. Elec. Co., 811 S.W.2d at 943 (listing the granting of a default
judgment as a situation in which the procedural rules require the record to
show that service was made).





[12]Alexander, 134
S.W.3d at 851.





[13]Id. at 852.





[14]Id.





[15]Id. at 852.





[16]See Tex. R. Civ.
P. 165a(3), 306a.





[17]Gen. Elec. Co.,
811 S.W.2d at 944; see also Campsey v. Campsey, 111 S.W.3d 767, 771
(Tex. App.—Fort Worth 2003, no pet.) (“In a restricted appeal, the ‘face of the
record’ consists of the papers on file with the trial court when it rendered
judgment.  Accordingly, an appellate court may not consider evidence in a
restricted appeal unless it was before the trial court when judgment was
rendered.”) (citation omitted).





[18]Gen. Elec. Co.,
811 S.W.2d at 944.





[19]See Mabon Ltd. v.
Afri-Carib Enters., Inc., 369 S.W.3d 809, 813 (Tex. 2012) (setting out the
requirements for setting aside a judgment by way of a bill of review); Gen.
Elec. Co., 811 S.W.2d at 944 n.2 (concluding that appeal by writ of error
was not available to the appellee and stating that the appellee still had the
option of seeking bill of review in the district court).