**INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA,**
Petitioner,

v.

**Edward LEJEUNE, Respondent.**

No. 08–0829.

Supreme Court of Texas.

Oct. 30, 2009.

Deanne C. Ayers, Julie Bruster Tebbets, Ayers & Ayers, Colleyville, TX, for Petitioner.

Donald C. McLeaish, Law Office of McLeaish & Associates, Dallas, TX, Brandon Earl Manus, McLeaish & Associates, Duncanville, TX, Thomas B. "Tom" Cowart, Wasoff & Cowart, PLLC, Dallas, TX, for Respondent.

PER CURIAM.

In this case we consider whether a default judgment must be overturned because the clerk's endorsement of the return of citation lacked the time of service, as required by Rules 16 and 105 of the Texas Rules of Civil Procedure. "For well over a century, this court has required that strict compliance with the rules for service of citation affirmatively appear on the record in order for a default judgment to withstand direct attack." *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex.1994) (per curiam) (citing *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex.1990); *Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 885 (Tex. 1985); *McKanna v. Edgar*, 388 S.W.2d 927, 929 (Tex.1965); *Flynt v. Kingsville*, 125 Tex. 510, 82 S.W.2d 934, 934 (Tex. 1935); *Sloan v. Batte*, 46 Tex. 215, 216 (1876); *Roberts v. Stockslager*, 4 Tex. 307, 309 (1849)). Because we hold that the endorsement in this case did not satisfy Rules 16 and 105, we reverse the court of appeals' judgment and remand the case to the trial court.

Edward Lejeune filed a workers' compensation claim with his employer's carrier, Insurance Company of the State of Pennsylvania, for an injury he stated he suffered on the job. Insurance Co. denied his claim, and the parties participated in a contested case hearing before the Division of Workers' Compensation. The hearing officer found that Lejeune's injury was not compensable. The Appeals Panel of the Division subsequently affirmed that decision. Lejeune then sought review in district court. After Insurance Co. failed to respond to the suit, Lejeune moved for, and was granted, a default judgment. Approximately five months later, Insurance Co. filed a notice of restricted appeal, alleging that Lejeune failed to comply with the venue and service of citation rules governing his claim. The court of appeals disagreed and affirmed the default judgment. 261 S.W.3d 852, 861 (Tex.App.-Texarkana 2008). Insurance Co. then petitioned for review in this Court. 52 Tex. Sup.Ct. J. 8 (Oct. 3, 2008).

A party can prevail in a restricted appeal only if:

(1) it filed notice of the restricted appeal within six months after the judgment was signed; (2) it was a party to the underlying lawsuit; (3) it did not participate in the hearing that resulted in the judgment complained of and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record.

*Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex.2004) (citing TEX. R.APP. P. 26.1(c), 30, and *Quaestor Inv., Inc. v. State of Chiapas*, 997 S.W.2d 226, 227 (Tex.1999)). The only element at issue in this case is the fourth: whether there is error apparent on the face of the record. Insurance Co. argues that the clerk's defective endorsement of the return of citation, which failed to include the hour of receipt of citation as required by the Texas

Rules of Civil Procedure, constitutes error on the face of the record.[1] Texas Rule of Civil Procedure 16, which governs service of process in general, provides that "[e]very officer or authorized person shall endorse on all process and precepts coming to his hand the day and hour on which he received them." TEX.R. CIV. P. 16. Rule 105, which governs service of citation, states that "[t]he officer or authorized person to whom process is delivered shall endorse thereon the day and hour on which he received it, and shall execute and return the same without delay." TEX.R. CIV. P. 105.

■■■■ Strict compliance with the rules governing service of citation is mandatory if a default judgment is to withstand an attack on appeal. *Primate Constr.*, 884 S.W.2d at 152. Failure to comply with these rules constitutes error on the face of the record. *Id.* at 153 ("Proper service not being affirmatively shown, there is error on the face of the record, and the court of appeals erred in holding otherwise."). Here, although Lejeune served Insurance Co. by certified mail, the record shows that the return of citation lacks the required notation showing the hour of receipt of citation. Lejeune's default judgment, therefore, cannot stand. Accordingly, without hearing oral argument, TEX. R.APP. P. 59. 1, we reverse the court of appeals' judgment and remand the case to the trial court for further proceedings consistent with this opinion.

---

1. Insurance Co. also argues that Lejeune's failure to bring suit in his county of residence at the time of his injury violated the Workers' Compensation Act, *see* TEX LAB.CODE § 410.252(b), and that the record lacks proof that Lejeune complied with the Act's require-ment that copies of the petition and judgment be served on the Division, *see id.* §§ 410.253(a), 410.258(a). Because we decide this case on the service of citation issue, we need not address these other arguments.