In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00053-CV

                                                ______________________________

 

 

            BANK OF AMERICA, NATIONAL ASSOCIATION,
Appellant

 

                                                                V.

 

                               THE ESTATE OF CHARLES RAY HILL,

DEANA MURPHY, GERALD VAUGHN,

AND KENNETH FENDER,
Appellees

 

 

                                                                                                  


 

 

                                       On Appeal from the 173rd
Judicial District Court

                                                         Henderson
County, Texas

                                                        Trial Court
No. 2009A-603

 

                                                                                                  


 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                            Memorandum Opinion by Justice Moseley








                                                     MEMORANDUM 
OPINION

 

            By
restricted appeal,[1]
Bank of America, National Association (Bank of America) challenges a default
judgment against it.  Bank of America
asserts on appeal that the trial court erred in entering the default judgment
because the record does not show strict compliance with the rules regarding the
return of service and because the judgment grants relief to an estate, rather
than to a representative of the estate.  Because
the record fails to show strict compliance with the rules regarding the return
of service, we reverse the default judgment and remand this matter to the trial
court for further proceedings.

I.          BACKGROUND

            On her death in
2005, Bobbie Hill left a husband
(Charles Ray Hill) and three children born to her before her last marriage
(Deana Murphy, Gerald Vaughn, and Kenneth Fender) surviving her.  Real estate in Henderson County was acquired
by Bobbie Hill and Charles Ray Hill as their community property and estate; at
her demise, her interest in this property passed by intestacy pursuant to the
laws of descent and distribution.   

            About
three years after the death of his wife, Charles Ray Hill (individually and
without the joinder of Bobbie Hill’s surviving children) simultaneously
executed two home equity “reverse mortgage” deeds of trust secured by the real
estate mentioned above.  The first of
these deeds of trust was given to secure Bank of America in a maximum loan
amount of up to $223,500.00 and purported to be a first lien.  The second of the deeds of trust was stated to
be second and inferior to the first.  This
second deed of trust was of a like kind and amount, but given to secure the
Secretary of Housing and Urban Development and was inferior and subordinate to
the first.  After the execution of these
deeds of trust, Charles Ray Hill died.  

            An
action for declaratory judgment action was instituted by “The Estate of Charles
Ray Hill, Deana Murphy, Gerald Vaughn and Kenneth Fender” as plaintiffs against
Bank of America, seeking a declaration that the two deeds of trust constituted
no lien against the real property described within them.  Upon the filing of an amended petition in
October 2009, the district clerk issued a citation.  This citation was served on CT Corporation,
agent for service of process for Bank of America, by certified mail, return
receipt requested, October 8, 2009. 
There is no record that Bank of America filed an answer or otherwise
made an appearance.  

            A
final default judgment was entered against Bank of America on December 30, 2009,
which declared the first-mentioned deed of trust invalid as a lien upon the
real estate and awarded attorney’s fees and costs to the plaintiffs.  No mention of the second-lien deed of trust
was made in the judgment.  Bank of
America filed its notice of restricted appeal on June 7, 2010, within six
months of the date of the judgment. 

II.        ANALYSIS

            To
prevail on a direct attack on a judgment by a restricted appeal, an appellant

must establish that:  (1) it filed notice of the restricted appeal
within six months after the judgment was signed; (2) it was a party to the
underlying lawsuit; (3) it did not participate in the hearing that resulted in
the judgment complained of and did not timely file any postjudgment motions or
requests for findings of fact and conclusions of law; and (4) error is apparent
on the face of the record.

 

Alexander v. Lynda’s Boutique, 134 S.W.3d 845, 848 (Tex. 2004)
(citing Tex. R. App. P. 26.1(c),
30; Quaestor Inv., Inc. v. State of
Chiapas, 997 S.W.2d 226, 227 (Tex. 1999)).  Here, only requirement (4) is arguable (i.e.,
whether error exists on the face of the record).  Bank of America claims such error exists based
on the return of service of process.[2]  

            Our
review in this restricted appeal is limited to error that appears on the face
of the record.  See Fid. & Guar. Ins. Co. v. Drewery Constr. Co., 186 S.W.3d
571, 573 (Tex. 2006).  In order for a
reviewing court to uphold a default judgment, strict compliance with the rules
of service must be evident from the face of the record.  Primate Constr., Inc. v. Silver, 884 S.W.2d 151, 152 (Tex. 1994).  Further, when a default judgment is
challenged, “[t]here are no presumptions in favor of valid issuance, service,
and return of citation. . . .”  Id. at 152.  It is the responsibility of the party who
obtains the default judgment to see that service of process is properly
accomplished.  See Tex. R. Civ. P. 99(a).  This responsibility “extends to seeing that
service is properly reflected in the record.” 
Primate Constr., 884 S.W.2d at
153.  Moreover, “strict compliance with
the rules for service of citation [must] affirmatively appear on the record in
order for a default judgment to withstand direct attack.”  Ins.
Co. of State of Pa. v. Lejeune, 297 S.W.3d 254, 255 (Tex. 2009) (per
curiam).  Any deviation from the rules
regarding proper service of process will result in the setting aside of a
default judgment.  Mansell v. Ins. Co. of the W., 203 S.W.3d 499, 501 (Tex. App.––Houston
[14th Dist.] 2006, no pet.).  

            Bank
of America initially alleges noncompliance with Rules 16 and 105 of the Texas
Rules of Civil Procedure.  Rule 16, which
governs service of process in general, provides that “[e]very officer or
authorized person shall endorse on all process and precepts coming to his hand
the day and hour on which he received them . . . .”  Tex.
R. Civ. P. 16. Rule 105, which governs service of citation, requires
that “[t]he officer or authorized person to whom process is delivered shall
endorse thereon the day and hour on which he received it, and shall execute and
return the same without delay.”  Tex. R. Civ. P. 105.  

            In
this case, the officer’s return by mailing states neither the day nor the hour
which it was received.  The blank spaces
provided for this information in the form were not filled in.  In overturning a default judgment because the
clerk’s endorsement of the return of citation lacked the required notation
showing the time of receipt of citation, as required by Rules 16 and 105 of the
Texas Rules of Civil Procedure, the Texas Supreme Court held that the “[f]ailure
to comply with these rules constitutes error on the face of the record.”  Ins.
Co. of State of Pa., 297 S.W.3d at 256. 
Accordingly, the default judgment could not stand.  Id.
 The return of citation here suffers from
the same defect; error is apparent on the face of the record.

            Bank
of America additionally complains of noncompliance with Rule 107 of the Texas
Rules of Civil Procedure, governing the return of service.  Rule 107 provides, in relevant part:     

The return of the officer or authorized person
executing the citation shall be endorsed on or attached to the same; it shall
state when the citation was served and the manner of service and be signed by
the officer officially or by the authorized person.  The return of citation by an authorized person
shall be verified.

 

Tex.
R. Civ. P. 107.   In this case,
the district clerk employed the attachment of a postal return receipt in lieu
of completing the return.  What appears
to be a copy of the returned “green card” bears the stamp of the district clerk
which includes a date and time.  We do
not interpret this “filed for record” stamp as an endorsement; such is a usual,
administrative function of the clerk.  In
Laidlaw Waste Systems, Inc. v. Wallace,
944 S.W.2d 72 (Tex. App.––Waco 1997, writ denied), the court addressed the
issue of whether a postal return receipt can be substituted for a completed
officer’s return.  In concluding that
such substitution was improper, the Waco court stated:

The officer’s failure to complete and sign the
return is fatal, even when a postal receipt is included in the record.  By using the postal return receipt in lieu of completing
the return, the District Clerk’s service of citation on Laidlaw failed to
strictly comply with the Rules of Civil Procedure and will not support the
default judgment.  

 

Id. at 74 (citations omitted). 
In this case, the district clerk likewise used a postal return receipt
in lieu of completing the officer’s return section.  Because the record affirmatively shows error
apparent on the face of the record based on noncompliance with Rules 16, 105,
and 107 of the Texas Rules of Civil Procedure, and such a ruling is dispositive
of this appeal, we do not address Bank of America’s second issue.

            We reverse the default judgment and
remand this cause to the trial court for further proceedings.

 

 

                                                                        Bailey
C. Moseley

                                                                        Justice

 

Date Submitted:          October 20, 2010

Date Decided:             November 3, 2010











[1]Originally
appealed to the Twelfth Court of Appeals, this case was transferred to this
Court by the Texas Supreme Court pursuant to its docket equalization
efforts.  See Tex. Gov’t Code Ann.
§ 73.001 (Vernon 2005).  We are unaware
of any conflict between precedent of the Twelfth Court of Appeals and that of
this Court on any relevant issue.  See Tex.
R. App. P. 41.3.





[2]Appellees,
the Estate of Charles Ray Hill, et al., filed no brief with this Court.