Opinion filed December 9,
2010

 

 

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-09-00356-CV 

                                                    __________

 

                             BUSINESS
STAFFING, INC., Appellant

 

                                                             V.

 

                                  RICARDO
GONZALEZ, Appellee



 

                                   On
Appeal from the 70th District Court

 

                                                             Ector
County, Texas

 

                                                Trial
Court Cause No. A-127,990-A

 



 

                                                                  O
P I N I O N

            Appellant,
Business Staffing, Inc., appeals from a default judgment in favor of appellee,
Ricardo Gonzalez.  In two issues, Business Staffing contends (1) that the trial
court lacked jurisdiction to enter the default judgment because the return of
service was defective and (2) that the trial court erred in denying its motion
for new trial because it met all the requirements of the Craddock[1]
test.  We reverse and remand.

            We
note that this case is not a restricted appeal.  In restricted appeals, “review
is limited to errors apparent on the face of the record.”  Fidelity &
Guar. Ins. Co. v. Drewery Constr. Co., 186 S.W.3d 571, 573 (Tex. 2006).  By
contrast, when a party attacks a default judgment with a motion for new trial, as
Business Staffing did in this case, or a bill of review in the trial court, the
record is not so limited.  In such cases, the parties may introduce evidence in
the trial court “to explain what happened.”  Id. at 574; Marrot
Commc’ns, Inc. v. Town & Country P’ship, 227 S.W.3d 372, 379 (Tex. App.—Houston
[1st Dist.] 2007, pet. denied).  This evidentiary process allows the parties to
address and develop the Craddock or bill of review elements in the trial
court.  Marrot, 227 S.W.3d at 379.  

            Strict
compliance with the rules governing service of citation is mandatory if a
default judgment is to withstand an attack on appeal.  Ins. Co. of State of Pa.
v. Lejeune, 297 S.W.3d 254, 256 (Tex. 2009); Primate Constr., Inc. v.
Silver, 884 S.W.2d 151, 152 (Tex. 1994).  Virtually any deviation from the
rules regarding proper service of process will result in the setting aside of a
default judgment.  Mansell v. Ins. Co. of the W., 203 S.W.3d 499, 501
(Tex. App.—Houston [14th Dist.] 2006, no pet.).  “[F]or a default judgment to
be properly rendered, the record must affirmatively show, at the time the default
judgment is entered, either an appearance by the defendant, proper service
of citation on the defendant, or a written memorandum of waiver.”  Marrot,
227 S.W.3d at 378.  Otherwise, the trial court does not have in personam
jurisdiction to enter a default judgment against the defendant.  Id.

            The
facts in this case are similar to the facts in Lejeune.  In this case, Gonzalez
requested the district clerk to serve Business Staffing by certified mail,
return receipt requested.  The clerk issued the citation.  However, the clerk failed
to note in a return of citation or service the day and hour that she received
the citation for service on Business Staffing.  Similarly, in Lejeune,
the defendant was served by certified mail, but the district clerk failed to
note in the return of citation the hour that the clerk’s office received the
citation for service.  Lejeune, 297 S.W.3d at 255-56.  

            In Lejeune,
the Texas Supreme Court explained that Rule 16 of the Texas Rules of Civil
Procedure governs service of process in general.  Id. at 256; see
Tex. R. Civ. P. 16.  Rule 16
provides that “[e]very officer or authorized person shall endorse on all
process and precepts coming to his hand the day and hour on which he received
them.”  Rule 105, which governs service of citation, states that “[t]he
officer or authorized person to whom process is delivered shall endorse thereon
the day and hour on which he received it, and shall execute and return the same
without delay.” Tex. R. Civ. P.
105. In Lejeune, the court concluded that service of citation did not
strictly comply with Rules 16 and 105 because the return of citation lacked the
required notation showing the hour that the clerk received the citation for
service.  Therefore, the court held that the default judgment against the
defendant could not stand.  Lejeune, 297 S.W.3d at 256.  Likewise, in
this case, because the district clerk did not endorse on a return the day and
hour that she received the citation for service, the default judgment against Business
Staffing cannot stand.  Lejeune, 297 S.W.3d at 256; In re Z.J.W.,
185 S.W.3d 905, 907-08 (Tex. App.—Tyler 2006, no pet.).

            Gonzalez
submitted an affidavit from the district clerk in response to Business
Staffing’s motion for new trial.  The affidavit provides further support for
the conclusion that service of Business Staffing did not comply with Rules 16
and 105.  In the affidavit, the clerk did not dispute the fact that she did not
note on a return the day and hour that she received the citation for service. 
The clerk stated that the citation “was issued and created by the Ector County
District Clerk’s Office on July 22, 2009” and “was received by the Ector County
District Clerk’s Office upon its issuance on July 22, 2009 as reflected on the
Citation.”  However, the clerk made no mention of the hour that the clerk’s
office received the citation for service.  The record shows that Business
Staffing had not been properly served at the time the trial court entered the
default judgment.  Lejeune, 297 S.W.3d at 256; Marrot, 227 S.W.3d
at 379.       

            Business
Staffing’s first issue is sustained.  Based on our ruling on Business Staffing’s
first issue, we need not address its second issue.  Tex. R. App. P. 47.1.

            The
judgment of the trial court is reversed, and this cause is remanded for further
proceedings consistent with this opinion.

 

 

                                                                                                TERRY
McCALL

                                                                                                JUSTICE  
              

                                                                                                

December 9, 2010

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









[1]Craddock v. Sunshine Bus Lines, 133 S.W.2d 124 (Tex. 1939).