**Opinion filed December 9, 2010**



## In The

# Eleventh Court of Appeals

_____

### No. 11-09-00356-CV

_____

### BUSINESS STAFFING, INC., Appellant

### V.

### RICARDO GONZALEZ, Appellee

**On Appeal from the 70th District Court**

**Ector County, Texas**

**Trial Court Cause No. A-127,990-A**

### O P I N I O N

Appellant, Business Staffing, Inc., appeals from a default judgment in favor of appellee, Ricardo Gonzalez. In two issues, Business Staffing contends (1) that the trial court lacked jurisdiction to enter the default judgment because the return of service was defective and (2) that the trial court erred in denying its motion for new trial because it met all the requirements of the *Craddock*[1] test. We reverse and remand.

---

[1]*Craddock v. Sunshine Bus Lines*, 133 S.W.2d 124 (Tex. 1939).

We note that this case is not a restricted appeal. In restricted appeals, "review is limited to errors apparent on the face of the record." *Fidelity & Guar. Ins. Co. v. Drewery Constr. Co.*, 186 S.W.3d 571, 573 (Tex. 2006). By contrast, when a party attacks a default judgment with a motion for new trial, as Business Staffing did in this case, or a bill of review in the trial court, the record is not so limited. In such cases, the parties may introduce evidence in the trial court "to explain what happened." *Id.* at 574; *Marrot Commc'ns, Inc. v. Town & Country P'ship*, 227 S.W.3d 372, 379 (Tex. App.—Houston [1st Dist.] 2007, pet. denied). This evidentiary process allows the parties to address and develop the *Craddock* or bill of review elements in the trial court. *Marrot*, 227 S.W.3d at 379.

Strict compliance with the rules governing service of citation is mandatory if a default judgment is to withstand an attack on appeal. *Ins. Co. of State of Pa. v. Lejeune*, 297 S.W.3d 254, 256 (Tex. 2009); *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994). Virtually any deviation from the rules regarding proper service of process will result in the setting aside of a default judgment. *Mansell v. Ins. Co. of the W.*, 203 S.W.3d 499, 501 (Tex. App.—Houston [14th Dist.] 2006, no pet.). "[F]or a default judgment to be properly rendered, the record must affirmatively show, *at the time the default judgment is entered*, either an appearance by the defendant, proper service of citation on the defendant, or a written memorandum of waiver." *Marrot*, 227 S.W.3d at 378. Otherwise, the trial court does not have in personam jurisdiction to enter a default judgment against the defendant. *Id.*

The facts in this case are similar to the facts in *Lejeune*. In this case, Gonzalez requested the district clerk to serve Business Staffing by certified mail, return receipt requested. The clerk issued the citation. However, the clerk failed to note in a return of citation or service the day and hour that she received the citation for service on Business Staffing. Similarly, in *Lejeune*, the defendant was served by certified mail, but the district clerk failed to note in the return of citation the hour that the clerk's office received the citation for service. *Lejeune*, 297 S.W.3d at 255-56.

In *Lejeune*, the Texas Supreme Court explained that Rule 16 of the Texas Rules of Civil Procedure governs service of process in general. *Id.* at 256; *see* TEX. R. CIV. P. 16. Rule 16 provides that "[e]very officer or authorized person shall endorse on all process and precepts coming to his hand the day and hour on which he received them." Rule 105, which governs service of citation, states that "[t]he officer or authorized person to whom process is delivered shall endorse thereon the day and hour on which he received it, and shall execute and return the

2

same without delay." TEX. R. CIV. P. 105. In *Lejeune*, the court concluded that service of citation did not strictly comply with Rules 16 and 105 because the return of citation lacked the required notation showing the hour that the clerk received the citation for service. Therefore, the court held that the default judgment against the defendant could not stand. *Lejeune*, 297 S.W.3d at 256. Likewise, in this case, because the district clerk did not endorse on a return the day and hour that she received the citation for service, the default judgment against Business Staffing cannot stand. *Lejeune*, 297 S.W.3d at 256; *In re Z.J.W.*, 185 S.W.3d 905, 907-08 (Tex. App.—Tyler 2006, no pet.).

Gonzalez submitted an affidavit from the district clerk in response to Business Staffing's motion for new trial. The affidavit provides further support for the conclusion that service of Business Staffing did not comply with Rules 16 and 105. In the affidavit, the clerk did not dispute the fact that she did not note on a return the day and hour that she received the citation for service. The clerk stated that the citation "was issued and created by the Ector County District Clerk's Office on July 22, 2009" and "was received by the Ector County District Clerk's Office upon its issuance on July 22, 2009 as reflected on the Citation." However, the clerk made no mention of the hour that the clerk's office received the citation for service. The record shows that Business Staffing had not been properly served at the time the trial court entered the default judgment. *Lejeune*, 297 S.W.3d at 256; *Marrot*, 227 S.W.3d at 379.

Business Staffing's first issue is sustained. Based on our ruling on Business Staffing's first issue, we need not address its second issue. TEX. R. APP. P. 47.1.

The judgment of the trial court is reversed, and this cause is remanded for further proceedings consistent with this opinion.

TERRY McCALL
JUSTICE

December 9, 2010

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

3