

# NUMBER 13-10-00180-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

## IN THE INTEREST OF S.T.A., A CHILD

---

### On appeal from the 88th District Court
### of Hardin County, Texas.

---

## MEMORANDUM OPINION[1]

### Before Chief Justice Valdez and Justices Rodriguez and Benavides
### Memorandum Opinion by Justice Rodriguez

Pro se appellant Todd Wayne Adams, the father of S.T.A., a child, brings this restricted appeal from a post-answer default judgment.[2] *See* TEX. R. APP. P. 26.1(c). By five issues, which we renumber as four, Adams contends the following: (1) the trial

---

[1] All issues of law presented by this case are well settled, and the parties are familiar with the facts. Therefore, we will not recite the law or the facts in this memorandum opinion, except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

[2] The order from which Adams appeals also modifies Adams's parent-child relationship with his child, S.R.A. Adams does not, however, challenge those portions of the order in this appeal.

court erred in rendering a default judgment against him on a motion to modify a suit affecting parent-child relationship (SAPCR) because he did not receive notice of the hearing on the motion; (2) the trial court erred in rendering the default judgment because Adams and S.T.A. were, at the time of the hearing, residents of New Mexico; (3) the evidence is insufficient to support the trial court's order changing the custody of S.T.A. and awarding child support and monetary fees to appellee Alison Cathey, the child's mother, and to Cathey's counsel; and (4) the trial court exhibited prejudice against Adams. We affirm.[3]

## I. NOTICE

By his first issue, Adams complains that the trial court incorrectly granted a default judgment because he was not properly served with notice of the hearing on Cathey's motion to modify the SAPCR. The four elements necessary for a direct attack on a judgment by a restricted appeal are: (1) the petition must be brought within six months after the judgment was signed, (2) by a party to the suit, (3) who did not participate in the actual trial, and (4) the error complained of must be apparent from the face of the record. *Ins. Co. of the State of Penn. v. Lejeune*, 297 S.W.3d 254, 255-56 (Tex. 2009) (per curiam). Adams contends that he has met the requirements of a restricted appeal. We agree that the record shows the first three elements have been met. *See id.* Therefore, only the last element is at issue in this case. *See id.*

The rules do not impose a duty on the trial court, or its personnel, to place evidence in the case file that notice of a hearing was given. *See Robert S. Wilson Invs. No. 16 Ltd.*

---

[3] The case is before this Court on transfer from the Ninth Court of Appeals in Beaumont pursuant to an order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (Vernon 2005).

*v. Blumer*, 837 S.W.2d 860, 861 (Tex. App.–Houston [1st Dist.] 1992, no writ) (citing *Butler v. Butler*, 808 S.W.2d 128, 129 (Tex. App.–Houston [1st Dist.] 1991, writ denied) (per curiam); *Prihoda v. Marek*, 797 S.W.2d 170, 171 (Tex. App.–Corpus Christi 1990, writ denied) (en banc)). Without such a duty, the "absence from the record of affirmative proof of notice does not establish error." *Id.* at 861-62 (citing *Gen. Elec. Co. v. Falcon Ridge Apts.*, 811 S.W.2d 942, 943-44 (Tex. 1991)). For that reason, an appellant who alleges error apparent from the face of the record due to the absence of notice carries a heavy burden because the record will usually be barren of affirmative proof of the error claimed.[4] *Id.* (citing *Falcon Ridge Apts.*, 811 S.W.2d at 943-44).

In this case, the record is silent regarding whether proper notice of the hearing was given to Adams. Because notice of the hearing need not be included in the record, its absence is not error apparent from the face of the record, as Adams argues. *See id*. Therefore, because we have no evidence that Adams failed to receive notice of the hearing, we must conclude that Adams has not satisfied the fourth element necessary for a restricted appeal, *see Lejeune*, 297 S.W.3d at 255-56, and that the trial court did not err in rendering a default judgment on this basis. We overrule Adams's first issue.[5]

---

[4] When extrinsic evidence is necessary to challenge a judgment, as in this case, the appropriate remedy is by motion for new trial, *see* TEX. R. CIV. P. 320, 324(b)(1), or by bill of review filed in the trial court so that the trial court has the opportunity to consider and weigh factual evidence. *See id.* at R. 329b(f); *Gen. Elec. Co. v. Falcon Ridge Apts.*, 811 S.W.2d 942, 944 (Tex. 1991).

[5] Adams also contends that he was not properly served with any pleadings filed by Cathey. This contention, however, is inconsistent with Adams's position that he has satisfied all elements of a restricted appeal, one of which is that he is a party to the underlying lawsuit. *See Ins. Co. of the State of Penn. v. Lejeune*, 297 S.W.3d 254, 255-56 (Tex. 2009) (per curiam). And while Adams complains that he did not receive a copy of the September 24, 2009 modification and enforcement order until late in October 2009, he does not specifically complain about failing to receive a copy of Cathey's motion to modify or her motion to enforce. Therefore, we will not address this contention.

## II. JURISDICTION

By his second issue, Adams appears to contend that the trial court lacked jurisdiction over the case because he and S.T.A. "were, at the time of the hearings, residents of New Mexico." Without any supporting citations to the record, Adams informs this Court that S.T.A. attended school in San Juan County, New Mexico from January 2007 through May 2009 and attaches, as part of the appendix to his brief, a copy of a 2008-2009 student's class schedule with the name redacted. Adams also refers us to Cathey's SAPCR petition, which sets out that S.T.A. was a resident of San Juan County. Finally, without providing any analysis, Adam references sections 152.102(4) and 159.102(7) of the Texas Family Code for the definitions of "child custody proceeding" and "home state." *See* TEX. FAMILY CODE ANN. §§ 152.102(4), 152.102(7) (Vernon 2008). To the extent Adams is attempting to assert a jurisdiction issue, we conclude that this issue is inadequately briefed. *See* TEX R. APP. P. 38.1(i). Moreover, when one of the children remains in the state with continuing, exclusive jurisdiction over a child custody or child support proceeding, as in this case, section 155.301 of the family code supports a conclusion contrary to Adams's position that New Mexico is S.T.A.'s home state. *See* TEX. FAMILY CODE ANN. § 155.301 (Vernon 2008) ("A court of this state with continuing, exclusive jurisdiction over a child custody proceeding under Chapter 152 or a child support proceeding under Chapter 159 shall transfer the proceeding to the county of residence of the resident party if one party is a resident of this state and all other parties including the child or all of the children affected by the proceeding reside outside this state."). We overrule Adams's second issue.

4

### III. REMAINING ISSUES INADEQUATELY BRIEFED

Finally, Adams cites no authority and provides no explanatory argument for issue three, which challenges the sufficiency of the evidence to support the trial court's modification order, and he provides no explanatory argument or citation to authority, except for a reference to Texas Rule of Procedure 21a, for issue four, which claims that the trial court was prejudiced against him. In accordance with appellate rule 38.1(i), we will only consider contentions that are supported by clear and concise arguments with appropriate citations to authorities and to the record. TEX. R. APP. P. 38.1(i). Because these issues are inadequately briefed, we overrule Adams's remaining issues.

### IV. CONCLUSION

We affirm the September 24, 2009 modification order of the trial court.[6]

NELDA V. RODRIGUEZ
Justice

Delivered and filed the
31st day of March, 2011.

---

[6] Adams also prays that this Court dismiss the trial court's order of enforcement by contempt and suspension of commitment that was signed the same day as the modification order. Adams, however, brings no specific issues related to this order. *See* TEX. R. APP. P. 47.1 (providing that a "court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal").