

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-11-00161-CV

AGAPE NORTHWEST HOUSING, INC. D/B/A DOVE VALLEY RANCH APARTMENTS; AOH-DOVETAIL VILLAS, LLC D/B/A DOVETAIL VILLAS APARTMENTS; AMERICAN OPPORTUNITY FOR HOUSING-RIVERMILL, LLC D/B/A VILLAGE SQUARE APARTMENTS D/B/A RIVERMILL APARTMENTS; AMERICAN OPPORTUNITY FOR HOUSING-SADDLEBROOK APARTMENTS, L.P. D/B/A RESERVE AT PECAN VALLEY APARTMENTS AND AMERICAN OPPORTUNITY FOR HOUSING, INC. D/B/A BRIARCREEK APARTMENTS

APPELLANTS

V.

MAINTENANCE SUPPLY HEADQUARTERS, LP

APPELLEE

------------

FROM COUNTY COURT AT LAW NO. 2 OF TARRANT COUNTY

------------

-----------

# MEMORANDUM OPINION[1]

-----------

Appellee Maintenance Supply Headquarters, LP sued Appellants—Agape Northwest Housing, Inc. (Agape), AOH-Dovetail Villas, LLC (AOH), American Opportunity for Housing–Rivermill, LLC (Rivermill), American Opportunity for Housing–Saddlebrook Apartments L.P. (Saddlebrook), and American Opportunity for Housing, Inc. (American)—and United Apartment Group Management, Inc. (UAG), on theories of sworn account and quantum meruit for an aggregate sum of $28,571.05. The trial court entered a final default judgment for Maintenance Supply, awarding the following amounts:

- From UAG, $28,571.05, plus $825.82 in prejudgment interest;

- From Agape, $2,711.19, plus $78.74 in prejudgment interest;

- From AOH, $8,161.60, plus $235.90 in prejudgment interest;

- From Rivermill, $8,069.61, plus $268.62 in prejudgment interest;

- From Saddlebrook, $7,384.12, plus $293.34 in prejudgment interest; and

- From American, $2,244.53, plus $78.40 in prejudgment interest.

- From all of the defendants, jointly and severally, reasonable attorney's fees in the amount of $3,300, plus $5,000 in the event of an appeal to the court of appeals, and $5,000 in the event of an appeal to the supreme court.

---

[1]*See* Tex. R. App. P. 47.4.

None of the parties filed any post-trial motions. Appellants filed this restricted appeal.[2]

In their third issue, Appellants complain that, on its face, the default judgment violates the one satisfaction rule. *See* Tex. R. App. P. 26.1(c), 30; *Ins. Co. of State of Penn. v. Lejeune*, 297 S.W.3d 254, 255 (Tex. 2009). In a motion to this court, Maintenance Supply conceded that Appellants are entitled to relief on this issue, and we have reviewed the record and agree that Appellants' third issue should be sustained.[3] *See Parkway Co. v. Woodruff*, 901 S.W.2d 434, 441 (Tex. 1995) ("Texas law does not permit double recovery."). Therefore, we do not reach Appellants' remaining issues. *See* Tex. R. App. P. 47.1.

Having sustained Appellants' third issue, we reverse the trial court's default judgment in its entirety as to Appellants and remand the case to the trial court. *See* Tex. R. App. P. 43.3.

PER CURIAM

PANEL: MCCOY, GARDNER, and GABRIEL, JJ.

DELIVERED: June 14, 2012

---

[2]UAG did not appeal.

[3]After Appellants filed their brief, Maintenance Supply filed a motion in which it requested, among other things, that Appellants' third issue be sustained and that we set aside the default judgment and remand the case for a new trial. In light of our disposition here, we grant Maintenance Supply's motion in part, and we dismiss the rest of the motion as moot.