02-11-161-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT
 OF APPEALS
 SECOND
 DISTRICT OF TEXAS
 FORT
 WORTH
  
 
 


 

 

NO. 02-11-00161-CV

 

 


 
 
 Agape
 Northwest Housing, Inc. d/b/a Dove Valley Ranch ApaRtments; AOH-Dovetail
 Villas, LLC d/b/a Dovetail Villas Apartments; American Opportunity for
 Housing-Rivermill, LLC d/b/a Village Square ApARtments d/b/a Rivermill
 Apartments; AMERICAN OPPORTUNITY FOR HOUSING-SADDLEBROOK APARTMENTS, L.P.
 D/B/A RESERVE AT PECAN VALLEY APARTMENTS AND AMERICAN OPPORTUNITY FOR
 HOUSING, INC. D/B/A BRIARCREEK APARTMENTS
 
 
  
 
 
 APPELLANTS
 
 
 
 
  
 V.
  
 
 
 
 
 Maintenance
 Supply Headquarters, LP
 
 
  
 
 
 APPELLEE
 
 


 

 

------------

 

FROM County Court at Law No. 2 OF Tarrant
COUNTY

------------

 

------------

 

MEMORANDUM OPINION[1]

------------

 

Appellee Maintenance Supply
Headquarters, LP sued Appellants—Agape Northwest Housing, Inc. (Agape),
AOH-Dovetail Villas, LLC (AOH), American Opportunity for Housing–Rivermill, LLC
(Rivermill), American Opportunity for Housing–Saddlebrook Apartments L.P.
(Saddlebrook), and American Opportunity for Housing, Inc. (American)—and United
Apartment Group Management, Inc. (UAG), on theories of sworn account and
quantum meruit for an aggregate sum of $28,571.05.  The trial court entered a
final default judgment for Maintenance Supply, awarding the following amounts:

·       
From UAG,
$28,571.05, plus $825.82 in prejudgment interest;

·       
From Agape,
$2,711.19, plus $78.74 in prejudgment interest;

·       
From AOH,
$8,161.60, plus $235.90 in prejudgment interest;

·       
From Rivermill,
$8,069.61, plus $268.62 in prejudgment interest;

·       
From Saddlebrook,
$7,384.12, plus $293.34 in prejudgment interest; and

·       
From American,
$2,244.53, plus $78.40 in prejudgment interest.

·       
From all of the defendants,
jointly and severally, reasonable attorney’s fees in the amount of $3,300, plus
$5,000 in the event of an appeal to the court of appeals, and $5,000 in the
event of an appeal to the supreme court.

None of the parties filed any
post-trial motions.  Appellants filed this restricted appeal.[2]

In their third issue, Appellants
complain that, on its face, the default judgment violates the one satisfaction
rule.  See Tex. R. App. P. 26.1(c), 30; Ins. Co. of State of Penn. v.
Lejeune, 297 S.W.3d 254, 255 (Tex. 2009).  In a motion to this court,
Maintenance Supply conceded that Appellants are entitled to relief on this
issue, and we have reviewed the record and agree that Appellants’ third issue
should be sustained.[3]
 See Parkway Co. v. Woodruff, 901 S.W.2d 434, 441 (Tex. 1995) (“Texas
law does not permit double recovery.”).  Therefore, we do not reach Appellants’
remaining issues.  See Tex. R. App. P. 47.1.

Having sustained Appellants’ third
issue, we reverse the trial court’s default judgment in its entirety as to Appellants
and remand the case to the trial court.  See Tex. R. App. P. 43.3.

 

PER CURIAM

PANEL:  MCCOY, GARDNER, and GABRIEL, JJ.

 

DELIVERED:  June 14, 2012









[1]See
Tex. R. App. P. 47.4.





[2]UAG
did not appeal.





[3]After Appellants filed their brief, Maintenance Supply
filed a motion in which it requested, among other things, that Appellants’
third issue be sustained and that we set aside the default judgment and remand
the case for a new trial.  In light of our disposition here, we grant
Maintenance Supply’s motion in part, and we dismiss the rest of the motion as
moot.