Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



**MEMORANDUM OPINION**

No. 04-12-00129-CV

**IN THE INTEREST OF C.A.G.**, a Child

From the 166th Judicial District Court, Bexar County, Texas
Trial Court No. 2009EM503156
Honorable Janet P. Littlejohn, Judge Presiding

Opinion by:     Catherine Stone, Chief Justice

Sitting:     Catherine Stone, Chief Justice
            Sandee Bryan Marion, Justice
            Rebecca Simmons, Justice

Delivered and Filed: November 7, 2012

REVERSED AND REMANDED

        This is a restricted appeal of a no-answer default judgment.  Gary Melzow contends the trial court erred in entering the judgment because: (1) the record contains no return of citation; (2) no return of citation was on file with the clerk of the court for ten days prior to the entry of the default judgment; and (3) the default judgment was entered prior to the date Melzow was required to answer.[1]  We reverse the trial court's judgment and remand the cause to the trial court for further proceedings.

---

[1]The appellee, Zenaida Ann Gonzales, did not file an appellee's brief.  Although the Office of the Attorney General ("OAG") is also listed as an appellee, the OAG filed a letter stating that Gonzales was represented by private counsel in filing the underlying petition to modify, the OAG was not joined as a party in the lawsuit, and the OAG did not intervene; therefore, the OAG did not believe it was a "proper 'appellee'" and elected not to file a brief.

## BACKGROUND

In 2009, an order establishing the parent-child relationship was entered, appointing Melzow and Zenaida Ann Gonzales joint managing conservators of C.A.G. On August 24, 2011, Gonzales filed a petition to modify the parent-child relationship and a motion to set the petition on the non-jury docket. On the same day, the trial court signed an order setting the cause for trial on August 31, 2011, which was the date requested in the motion. On August 31, 2011, the trial court signed an order granting the modification. The trial court's order states, "Melzow, although duly and properly served, wholly defaulted and failed to appear."

## DISCUSSION

A party can prevail in a restricted appeal only if: (1) notice of the restricted appeal was filed within six months after the judgment was signed; (2) the party filing the notice of appeal was a party to the underlying lawsuit; (3) the party did not participate in the hearing that resulted in the judgment complained of and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *Ins. Co. of State of Penn. v. Lejeune*, 297 S.W.3d 254, 255 (Tex. 2009). In this case, Melzow timely filed his notice of restricted appeal, he was a party to the underlying lawsuit, he did not participate in the hearing that resulted in the trial court's order, and he did not timely file any postjudgment motions or requests for findings of fact and conclusions of law. Accordingly, the only issue that remains to be decided is whether error is apparent on the face of the record.

"Strict compliance with the rules governing service of citation is mandatory if a default judgment is to withstand an attack on appeal." *Id*. at 256. "There are no presumptions in favor of valid issuance, service, and return of citation in the face of a [restricted appeal of] a default judgment." *Primate Const., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994). "[F]ailure to

affirmatively show strict compliance with the Rules of Civil Procedure renders the attempted service of process invalid and of no effect." *Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 885 (Tex. 1985). Moreover failure to comply with the rules governing service of citation constitutes error on the face of the record. *Ins. Co. of State of Penn.*, 297 S.W.3d at 255.

The record in this case contains no evidence that Melzow was served with Gonzales's petition to modify. Therefore, error is apparent on the face of the record, and Melzow's first issue is sustained.[2]

**CONCLUSION**

The trial court's order is reversed, and the cause is remanded to the trial court for further proceedings.

Catherine Stone, Chief Justice

---

[2] Because we sustain Melzow's first issue, we do not address his other issues since their resolution is not necessary to the final disposition of this appeal. TEX. R. APP. P. 47.1.