

## NUMBER 13-14-00084-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

### EX PARTE YADIRA HINOJOSA

**On appeal from the 139th District Court
of Hidalgo County, Texas.**

## MEMORANDUM OPINION

**Before Justices Rodriguez, Garza, and Benavides
Memorandum Opinion by Justice Benavides**

Appellant, the Texas Department of Public Safety (the Department), appeals the trial court's expunction of appellee Yadira Hinojosa's 1997 theft charge. By two issues, the Department contends: (1) the expunction was improper because Hinojosa failed to prove that the charge was not used in assessing the punishment of another crime; and (2) the Department was given improper notice about the expunction hearing. We reverse and remand.

## I. BACKGROUND

On September 7, 1997, Hinojosa was arrested and charged with theft for writing a "hot" check of $20.00 or more but less than $500.00, a class B misdemeanor. *See* TEX. PENAL CODE ANN. § 31.06 (West, Westlaw through 2013 3d C.S.). On January 28, 2013, Hinojosa filed a petition seeking to expunge all records of this arrest. In her petition, Hinojosa argued that the charges were dismissed, "indicating a lack of probable cause," and that expunction was appropriate because the charge did not result in a final conviction or community supervision. The Department filed a general denial in response.

It is clear from the record that all parties received notice that a hearing on the petition for expunction would take place on March 18, 2013. The record does not, however, show that the Department received notice of the actual date of the hearing, which occurred on September 3, 2013. No Department attorney was at the hearing— only Hinojosa's attorney and an attorney from the District Attorney's office were present.

 At the hearing, the District Attorney explained that Hinojosa pleaded guilty to one misdemeanor theft charge, "but this charge was considered unadjudicated and considered as, technically, as part of her punishment in another charge. So DPS's position is that [the] arrest that she's trying to have expunged did result in her being placed on community supervision." Hinojosa argued that, although she had "multiple hot check cases that occurred back in 1997," that the September 7, 1997 offense was a "separate event" and it did not "arise out of the same criminal episode."

The trial court granted Hinojosa's petition. In its order, the trial court found that "there was an absence of probable cause at the time of such dismissal [as] the reason

2

the indictment or information was void." The Department subsequently filed a restricted appeal.[1]  *See* TEX. R. CIV. P. 30.

## II.   RESTRICTED APPEALS

To attack a judgment by restricted appeal, the appeal must be filed:  (1) within six months after the trial court signs the judgment; (2) by a party to the suit; (3) who, either in person or through counsel, did not participate at trial; and (4) error must be apparent from the face of the record.  *Ins. Co. of State of Penn. v. Lejeune*, 297 S.W.3d 254, 255 (Tex. 2009); TEX. R. CIV. P. 30.

The Department, a party to the suit, filed its appeal on February 5, 2014—five months after the expunction order was signed.  The record shows that the Department did not participate at the expunction hearing.  Accordingly, the only element at issue is the fourth:  whether error is apparent on the face of the record.  *Lejeune*, 297 S.W.3d at 255.  The Department contends that error is apparent on the face of the record for two reasons:  (1) there is legally insufficient evidence to support that Hinojosa is entitled to an expunction and (2) the Department had no notice of the final expunction hearing. Because the second issue is dispositive of the appeal, we address it first.

## III.  NOTICE OF THE HEARING

The only notice of hearing in the record is for a hearing that was set for March 18, 2013.  The record shows that all parties, including Hinojosa and the Department, received notice of this setting.  However, there is nothing in the record showing that the Department had notice of the September 3, 2013 final hearing.  Further, a review of the reporter's record demonstrates that no Department attorney participated at the expunction hearing.

---

[1] Hinojosa did not file a brief in response to the Department's brief.

We find that this omission constitutes error on the face of the record. *See* TEX. CODE CRIM. PROC. ANN. § 55.01 (West, Westlaw through 2013 3d C.S.) (providing that an expunction hearing can occur "at the request of the defendant and after notice to the state . . . ."). Accordingly, the trial court erred when it held the expunction hearing without providing notice to all parties. "If reasonable notice is not given to law enforcement agencies this violates the statute and is reversible error." *Ex parte Stiles*, 958 S.W.2d 414, 418 (Tex. App.—San Antonio 1997, pet. denied).

We sustain the Department's second issue.

## IV.   CONCLUSION

Because the Department had no notice of the expunction hearing and thus did not participate, we reverse and remand for proceedings consistent with this opinion.[2]

_____
GINA BENAVIDES,
Justice

Delivered and filed the
4th day of September, 2014.

---

[2] Because the notice issue was dispositive of the appeal, we did not address the Department's first issue that Hinojosa was not entitled to an expunction because her dismissed offense was considered in the sentencing of another offense. *See* TEX. R. APP. P. 47.1; TEX. CODE CRIM. PROC. ANN. art. 55.01 (West, Westlaw through 2013 3d C.S.). However, we note that, even if we had reached the merits of this issue, the current appellate record does not support this argument. The appellate record before us does not include the other indictments that were part of the alleged "criminal episode" of writing "hot" checks, any evidence of a plea agreement, or a reporter's record indicating that the parties agreed to dismiss the September 7, 1997 charge in exchange for having it considered as part of Hinojosa's punishment on the other offenses. The only evidence of this alleged agreement was through attorney argument at the expunction hearing, which cannot be considered as evidence.

4