**REVERSE and REMAND; and Opinion Filed August 17, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01544-CV

**ANDRE HOGG, Appellant**
**V.**
**SHEILA ROSEMON, Appellee**

**On Appeal from the 417th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 417-53808-2013**

## MEMORANDUM OPINION

Before Justices Bridges, Fillmore, and Brown
Opinion by Justice Brown

This is a restricted appeal of a default protective order. In two issues, Andre Hogg asserts he was denied his constitutional right to due process because (1) he was not given notice of the application for the protective order, and (2) he was prevented from attending the hearing on the application because he was incarcerated. Because we conclude error exists on the face of the record, we reverse the trial court's order and remand for further proceedings.

To prevail in this restricted appeal, Hogg must show: (1) he filed notice of the restricted appeal within six months after the judgment was signed; (2) he was a party to the underlying lawsuit; (3) he did not participate in the hearing that resulted in the judgment complained of and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004). Each element is mandatory and jurisdictional and cannot be

waived. *Osteen v. Osteen*, 38 S.W.3d 809, 812 (Tex. App.—Houston [14th Dist.] 2001, no pet.); *C & V. Club v. Gonzalez*, 953 S.W.2d 755, 757 (Tex. App.—Corpus Christi 1997, no pet.). Here, the only element in dispute is whether there is error apparent on the face of the record. *See Ins. Co. of State of Pa. v. Lejeune*, 297 S.W.3d 254, 256 (Tex. 2009). We conclude such error exists because Hogg was not properly served with the application for the protective order.

A court may only render a default protective order if the respondent "received service" of the notice of the application for protective order and hearing. TEX. FAM. CODE ANN. § 85.006 (West 2014). That notice must state a protective order has been filed, provide the date and time of the hearing on the application, and also state that if the respondent fails to appear at the hearing a default judgment may be taken and a protective order issued against him. *See id*. at § 82.041. The notice must be served in the same manner as citation under the Texas Rules of Civil Procedure. *Id*. at § 82.043(c). Under rule 107 of the rules of civil procedure, an officer who has served citation must complete a return of service and file that return, and any documents to which it is attached, with the court. TEX. R. CIV. P. 107(a). The return must state the time and manner of service and must describe what was served. TEX. R. CIV. P. 107(b). Rule 107 must be strictly complied with to establish valid service of process. *See Primate Const., Ins. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994).

Here, the State filed the application for a protective order on July 22, 2013 and the trial court set a hearing on the motion for August 1. The record contains a "notice" that was issued on that date. The State relies on this notice to show appellant was personally served with notice of the application for protective order. However, that notice states Hogg was commanded to appear at the August 1 hearing to "show cause" why "temporary" orders should not be granted. The notice does not show Hogg was served with the application for protective order, nor does it notify Hogg a default judgment could be entered against him for failing to appear or otherwise

comply with the requirements of section 82.041 of the Family Code. The record also contains an officer's return of service. The return states Hogg was personally served with a true copy of the "protective order" in the case, not with notice of the application of the protective order. No documents are attached to the return.

Strict compliance with the rules governing service of citation is mandatory if a default judgment is to withstand an attack on appeal. *Ins. Co. of State of Pa.*, 297 S.W.3d at 256. Failure to affirmatively show such compliance constitutes error on the face of the record. *Id*. Here, Hogg appeals a default protective order that required service of notice of the application, rather than "citation." But that notice must be served in the same manner as citation under the Texas Rules of Civil Procedure. TEX. FAM. CODE ANN. § 82.043(c) (West 2014). The record fails to affirmatively show appellant was served with notice in accordance with those rules. But even if the record need not affirmatively demonstrate compliance with the rules, the record is not silent on the issue. Rather, the "notice" and the officer's return in the record affirmatively demonstrates Hogg was not properly served with notice of the application for protective order.[1] Therefore, error appears on the face of the record. We reverse the trial court's order and remand for further proceedings consistent with this opinion.

/Ada Brown/

ADA BROWN
131544F.P05                                      JUSTICE

---

[1] If anything, the record shows appellant was served with the magistrates temporary emergency protective orders.



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

ANDRE HOGG, Appellant

No. 05-13-01544-CV        V.

SHEILA ROSEMON, Appellee

On Appeal from the 417th Judicial District Court, Collin County, Texas
Trial Court Cause No. 417-53808-2013.
Opinion delivered by Justice Brown, Justices Bridges and Fillmore participating.

In accordance with this Court's opinion of this date, we **REVERSE** the trial court's order and **REMAND** for further proceedings.

We **ORDER** each party bear their own costs of appeal.

Judgment entered this 17th day of August, 2015.