# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00821-CV

**Ha Duong Nhu and D&H Restaurant Equipment, Appellants**

**v.**

**Hunan Ranch Corporation, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT
## NO. D-1-GN-14-000826, HONORABLE SUZANNE COVINGTON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This is a restricted appeal from a no-answer default judgment rendered by the district court of Travis County in a breach-of-contract case. We will reverse the judgment.

Hunan Ranch Corporation sued appellants Ha Duong Nhu and D&H Restaurant Equipment (Ha) asserting that the parties agreed that Ha would manufacture and install a new commercial wok at Hunan's restaurant.[1] Hunan pleaded further that the new equipment was to be completed and installed by December 26, 2013. One of Hunan's principals, John Chen, stated by affidavit that Ha failed to deliver and install the new wok when promised, that the old wok had to be temporarily re-installed, and, as a result, the restaurant had to remain closed for eight-and-a-half days, resulting in thousands of dollars in lost sales.

---

[1] We have no reporter's record. Ha asserts, and Hunan does not deny, that no record was taken.

Upon Ha's failure to file an answer, the district court rendered a default judgment that Hunan recover $38,663.81 in unliquidated damages, attorney's fees of $6,693.75, and pre- and post-judgment interest.

To prevail on his restricted appeal, Ha must establish that: (1) he filed notice of the restricted appeal within six months after the judgment was signed; (2) he was a party to the underlying lawsuit; (3) he did not participate in the hearing that resulted in the judgment complained of and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *See Insurance Co. of State of Pa. v. Lejeune*, 297 S.W.3d 254, 255 (Tex. 2009). The only element at issue here is the fourth: whether there is error apparent on the face of the record.

Ha argues that error is apparent from the face of the record in that Hunan employed an incorrect measure of damages, lost sales, in calculating its unliquidated damage claim. Ha contends that the correct measure of damages is lost net profits.

When a default judgment is rendered on an unliquidated claim, all factual allegations in the petition are deemed admitted except for the amount of damages. *Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 83 (Tex. 1992). In such case, the court hears evidence as to damages. Tex. R. Civ. P. 243. Damages may also be proved by affidavit. *Texas Commerce Bank, Nat'l Ass'n v. New*, 3 S.W.3d 515, 517 (Tex. 1999).

The only evidence of Hunan's unliquidated damage is contained in Chen's affidavit. Paragraphs 12 and 13 of that affidavit show how Hunan arrived at its claimed damages:

12.     Plaintiff's average sales income per month prior to the removal of the old wok was $137,075.92, which is $4,469.86 per day. Please see Plaintiff's Sales Reports from October 2013, November 2013, and December 2013 through December 31, 2013, attached hereto as Exhibit A-3.[2] Due to the delay in the delivery of the new wok, Plaintiff suffered lost sales in the amount of $37,993.81.

13.     Furthermore, the re-installation of the old wok led to a gas leak, which caused one of the woks [to] not work properly. Due to one of the woks not working, Plaintiff was forced to give approximately $670.00 in voids and credits.

Hunan may recover lost profits resulting from Ha's breach of contract. However, lost profits are based not on gross revenues, but on net profits, which are the difference between a business's total receipts and all the expenses incurred in carrying on the business. *See State v. Harrell Ranch, Ltd.*, 268 S.W.3d 247, 257 (Tex. App.—Austin 2008, no pet.); *Texaco, Inc. v. Phan*, 137 S.W.3d 763, 771 (Tex. App.—Houston [1st Dist.] 2004, no pet.).

The quoted paragraphs from Chen's affidavit show that "lost sales" were the basis for Hunan's damage calculations. The lost sales figure does not account for Hunan's operational expenses, which would include, among other things, employees' wages and benefits, food and beverage costs, insurance premiums, taxes, utilities, and rent or mortgage payments. Hunan's "lost sales" reflect its lost gross revenues. It is plain that the judgment is based on lost gross revenues, not on lost net profits.

We reverse the judgment and remand the cause to the district court for a new trial on the issue of lost profits.

---

[2] Exhibit A-3, purportedly showing Hunan's sales reports, is not attached to the affidavit in the record before this Court.

_____

Bob E. Shannon, Justice

Before Justices Puryear, Pemberton, and Shannon*

Reversed and Remanded

Filed:  December 11, 2015

* Before Bob E. Shannon, Chief Justice (retired), Third Court of Appeals, sitting by assignment. *See* Tex. Gov't Code § 74.003(b).

4