

# IN THE
# TENTH COURT OF APPEALS

## No. 10-16-00243-CV

## EX PARTE Z.M.Z.

### From the 85th District Court
### Brazos County, Texas
### Trial Court No. 15-003082-CV-85

## MEMORANDUM  OPINION

Z.M.Z  filed a petition to expunge criminal records of his arrest on August 10, 2009, for the offenses of possession of marijuana and possession of a controlled substance. After a hearing, the trial court granted Z.M.Z.'s request for an expunction.  The Texas Department of Public Safety filed a restricted appeal of the trial court's order.  *See* TEX. R. APP. P. 26.1(c); 30.  We reverse and remand.

The Department argues in its second issue that Z.M.Z. failed to present legally sufficient evidence that he was entitled to an expunction.  The record shows that Z.M.Z. filed a motion for expunction pursuant to Chapter 55 of the Texas Code of Criminal Procedure.  *See* TEX. CODE CRIM. PROC. ANN. ch. 55 (West 2006).  The Department filed an

answer but did not appear at the hearing on Z.M.Z.'s motion, participate in the hearing, or file any post-judgment motions or a request for findings of fact.

Pursuant to Rules 26.1(c) and 30 of the Texas Rules of Appellate Procedure, the Department may prevail in a restricted appeal only if it meets the following requirements:

> (1) it filed notice of the restricted appeal within six months after the judgment was signed; (2) it was a party to the underlying lawsuit; (3) it did not participate in the hearing that resulted in the judgment complained of and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record.

*Ins. Co. of the State of Pa. v. Lejeune*, 297 S.W.3d 254, 255 (Tex. 2009); TEX. R. APP. P. 26.1(c); 30. Only the fourth requirement is at issue in this appeal.

The reporter's record only contains a statement by the trial court that the Department objects to the expunction, that the Department did not appear at the hearing, and that the attorney for Z.M.Z. was present. There is no other evidence in the reporter's record. Z.M.Z. had the burden to produce evidence that he was entitled to an expunction. *See Texas Department of Public Safety v. Borhani*, No. 03-08-00142-CV, 2008 Tex.App. LEXIS 7509 (Tex.App. – Austin 2008, no pet.). There is no evidence in the record to support the trial court's finding. We sustain the Department's second issue on appeal. We need not address the Department's first issue. TEX.R.APP.P. 47.1.

## Conclusion

We reverse the trial court's judgment and remand for further proceedings.

                                 AL SCOGGINS
                                 Justice

Before Chief Justice Gray,
         Justice Davis, and
         Justice Scoggins
Reversed and remanded
Opinion delivered and filed April 19, 2017
[CV06]

