

# IN THE
# TENTH COURT OF APPEALS

No. 10-17-00397-CV
No. 10-17-00398-CV

## EX PARTE J.K.

**From the 21st District Court
Burleson County, Texas
Trial Court Nos. 28,726 & 28,727**

## MEMORANDUM OPINION

J.K. filed a petition to expunge criminal records of his arrest on May 13, 2010 for

the offenses of possession of a controlled substance, possession of a dangerous drug, and

possession of prohibited weapons. On August 18, 2017, the trial court entered an order

granting J.K.'s request for an expunction. The Texas Department of Public Safety filed

a restricted appeal of the trial court's order. *See* TEX. R. APP. P. 26.1(c); 30. We reverse

and remand.

The Department argues in its second issue that J.K. failed to present legally

sufficient evidence that he was entitled to an expunction. The record shows that J.K.

filed a motion for expunction pursuant to Chapter 55 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. ch. 55 (West Supp. 2017). The Department filed an answer but did not appear at the hearing on J.K.'s motion, participate in the hearing, or file any post- judgment motions or a request for findings of fact.

Pursuant to Rules 26.1(c) and 30 of the Texas Rules of Appellate Procedure, the Department may prevail in a restricted appeal only if it meets the following requirements:

> (1) it filed notice of the restricted appeal within six months after the judgment was signed; (2) it was a party to the underlying lawsuit; (3) it did not participate in the hearing that resulted in the judgment complained of and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record.

*Ins. Co. of the State of Pa. v. Lejeune*, 297 S.W.3d 254, 255 (Tex. 2009); TEX. R. APP. P. 26.1(c); 30. Only the fourth requirement is at issue in this appeal.

There is no reporter's record from any hearing held by the trial court. The trial court's order states that J.K. appeared through counsel and that no other party appeared. J.K. had the burden to produce evidence that he was entitled to an expunction. *See Texas Department of Public Safety v. Borhani*, No. 03-08-00142-CV, 2008 Tex.App. LEXIS 7509 (Tex.App. – Austin 2008, no pet.). There is no evidence in the record to support the trial court's finding. J.K.'s counsel filed a motion to withdraw indicating that J.K. does not wish to contest the appeal and does not wish to retain counsel's services to respond to the appeal. We sustain the Department's second issue on appeal. We need not address the Department's first, third, or fourth issues. TEX.R.APP.P. 47.1.

## Conclusion

We reverse the trial court's judgments and remand for further proceedings.

Counsel's motion to withdraw is granted.

AL SCOGGINS
Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Reversed and remanded; motion granted
Opinion delivered and filed April 4, 2018
[CV06]

