# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00115-CV

**Anna Maria Cancino, Appellant**

**v.**

**Jason M. Cancino, Appellee**

### FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT
### NO. 12-1980, HONORABLE WILLIAM R. HENRY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This is an appeal from a default judgment in a divorce and child-custody proceeding. In four issues, appellant Anna Maria Cancino contends that the default judgment should be set aside because (1) she was not properly served with citation; (2) she was not properly served with notice of the final hearing; (3) the trial court should have declined jurisdiction because Hays County is an inconvenient forum; and (4) the trial court should have declined jurisdiction due to appellee Jason M. Cancino's alleged unjustifiable conduct. Because we conclude that Ms. Cancino was not properly served with citation, we will reverse the trial court's default judgment and remand the case to the trial court for a new trial.

## BACKGROUND

The record shows that Ms. Cancino, who is from Poland, and Mr. Cancino, who is from the United States, were married in Hays County in April 2007.[1] During their marriage, they had one child, I.C. The parties lived together in Hays County from the time they were married until the time of their separation in May 2012, when Ms. Cancino took I.C. with her to Poland.[2] Mr. Cancino filed for divorce in October 2012. Mr. Cancino sent a waiver of service to Ms. Cancino in Poland and requested that she sign the waiver, but she never did. In April 2013, Mr. Cancino's aunt saw Ms. Cancino shopping in Hays County and told Mr. Cancino. Mr. Cancino's aunt

---

[1] A review of the reporter's record before us shows that it is only a partial record. In the transcript of the second of the only two pre-trial hearings in the record received by this Court, Mr. Cancino's attorney stated "this is our third hearing that we've had in this case." Other portions of the record suggest that the first hearing was brief and non-substantive, but we cannot confirm that without the record itself. Further, the record does not contain the exhibits admitted at the pre-trial hearings, nor does it include a transcript from the final hearing at which the trial court granted the default judgment. The rules of appellate procedure allow us to presume that a partial reporter's record constitutes the entire record for purposes of review if the party who requested the record includes in the request a statement of the points or issues to be presented on appeal. *See* Tex. R. App. P. 34.6(c). The statement of points or issues is due "[a]t or before the time for perfecting the appeal." *Id*. R. 34.6(b)(1). The record does not contain Ms. Cancino's request for a reporter's record. However, Ms. Cancino filed her brief setting forth all of the issues she raises on appeal, and Mr. Cancino was entitled to request additional portions of the record in the several months following his receipt of the brief. *See id*. R. 34.6(c)(2) ("Any other party may designate additional exhibits and portions of the testimony to be included in the reporter's record."). Mr. Cancino did not request additional portions of the record, nor has he raised an issue on appeal about the incomplete record. Accordingly, we presume that the record before us is complete. *See Bennett v. Cochran*, 96 S.W.3d 227, 229–30 (Tex. 2002) (late-filed statement of issues and missing portions of record do not constitute waiver of issues unless appellee establishes prejudice from late or missing items); *Kings River Trail Ass'n, Inc. v. Pinehurst Trail Holdings, L.L.C.*, 447 S.W.3d 439, 449 (Tex. App.—Houston [14th Dist.] 2014, pet. denied) (late-filed statement of points or issues may support presumption that record is complete unless appellee demonstrates that late filing adversely affected appellee).

[2] During the parties' marriage and before their separation, Ms. Cancino went back to Poland periodically for a few months at a time to attend school there.

described to Mr. Cancino the type of car in which Ms. Cancino left the shopping mall, and Mr. Cancino recognized the description as a car driven by Ms. Cancino's friend. Mr. Cancino and his attorney contacted a process server, and Mr. Cancino obtained the address of Ms. Cancino's friend from a search on the Internet. Mr. Cancino then told the process server to serve Ms. Cancino at that address, which was on Yaupon Drive in Fischer, Texas.

The process server was unable to complete service, and Mr. Cancino filed a motion for substituted service, attaching a sworn affidavit from the process server stating that the server tried to serve Ms. Cancino at "her residence or place of abode" on Yaupon Drive on three occasions without success. The trial court granted the motion and authorized the process server to serve Ms. Cancino by posting a copy of the relevant documents on the door of the Yaupon Drive residence. Evidence from the pre-trial hearings shows that the husband of Ms. Cancino's friend found the documents on the door of the residence on May 2, 2013, two days after Ms. Cancino left the home. Ms. Cancino's friend testified that she took photos of the documents and emailed them to Ms. Cancino, who was traveling back to Poland at the time. The friend testified that Ms. Cancino replied to the email three days later by saying "thank you."

Mr. Cancino filed a Motion for Temporary Orders and requested that the trial court order Ms. Cancino to appear at a temporary-orders hearing. The trial court granted the request and ordered Ms. Cancino to appear with I.C. at the hearing in May 2013. Ms. Cancino filed a special appearance, plea to the jurisdiction, motion to quash service, and subject to those motions, a plea in abatement. The trial court conducted a hearing on the pre-trial motions, and Ms. Cancino

participated from Poland by telephone. After hearing evidence, the trial court denied Ms. Cancino's special appearance and did not make a ruling on the other motions.

Following the denial of the special appearance, the trial judge indicated that she intended to move forward with the case and consider Mr. Cancino's motion for temporary orders. Ms. Cancino's attorney stated that he was not going to participate in the temporary-orders hearing because he was retained only for the special appearance. He also stated that he advised Ms. Cancino to refrain from participating in the temporary-orders hearing and to obtain new counsel who could potentially settle the case. In response to Ms. Cancino's attorney's request to leave, the judge stated: "If you want to stay, . . . you are welcome to stay. If you want to leave, I'm not going to order you to stay." Ms. Cancino's attorney then left the courtroom, and Ms. Cancino did not make herself available for the proceedings. After Ms. Cancino and her attorney stopped participating, the trial court granted Mr. Cancino's motion for temporary orders. The final trial occurred on January 21, 2014. Neither Ms. Cancino nor her attorney made an appearance, and the trial court granted a default judgment.[3] This appeal followed.

---

[3] Although none of Ms. Cancino's attorney's actions in leaving the trial-court proceedings are dispositive in this appeal, we note that the proper procedure an attorney must follow in withdrawing from a case is to file a motion to withdraw and obtain an order on the motion. *See* Tex. R. Civ. P. 8 (attorney whose signature first appears on initial pleadings is responsible for suit until designation changed by written notice to court and other parties), 10 (attorney may withdraw only upon written motion for good cause shown); *Yammine v. HDH Fin., LLC*, No. 07-14-00169-CV, 2015 WL 3750339, at *2 (Tex. App.—Amarillo June 12, 2015, pet. denied) (mem. op.) (withdrawal requires motion to withdraw and ruling granting motion). There is no evidence in the record, other than Ms. Cancino's attorney's assertion to that effect, that Ms. Cancino retained the attorney only for the special appearance or that the attorney properly withdrew from the case. We further note that Ms. Cancino and her attorney could have continued participating in the proceedings after the denial of the special appearance without waiving a challenge to the denial of the special appearance. *See* Tex. R. Civ. P. 120a(4) (party may make general appearance after court overrules special appearance

## DISCUSSION

### *No-Answer Default Judgment*

Mr. Cancino argues that Ms. Cancino made a general appearance when she filed a motion for continuance and a plea in abatement and thus argues that the judgment in this case was a post-answer default judgment. We disagree. Rule 120a of the Texas Rules of Civil Procedure expressly states that other pleadings and motions "may be contained in the same instrument [as a special appearance] or filed subsequent thereto without waiver of such special appearance." Tex. R. Civ. P. 120a; *Dawson-Austin v. Austin*, 968 S.W.2d 319, 322–23 (Tex. 1998). Ms. Cancino expressly made her plea in abatement "[s]ubject to her special appearance, plea to the jurisdiction and motion to quash," and she filed her motion for continuance in part to "have time to timely file [her] Amended Special Appearance with affidavits." Neither the motion for continuance nor the plea in abatement sought affirmative relief inconsistent with Ms. Cancino's contention that the trial court lacked personal jurisdiction. *See Dawson-Austin*, 968 S.W.2d at 323. Thus, we treat this case as a no-answer default judgment.

### *Analysis*

We begin with Ms. Cancino's first contention: that the default judgment should be set aside because she was never properly served with citation. Ms. Cancino first raised the issue of defective service in her motion to quash, but defective service may also be raised for the first time on appeal. *Wilson v. Dunn,* 800 S.W.2d 833, 837 (Tex. 1990). Personal jurisdiction is dependent upon citation issued and served in a manner provided for by law. *In re E.R.*, 385 S.W.3d 552, 563

without waiving objection to jurisdiction).

5

(Tex. 2012). If service is invalid, it is of no effect and cannot establish the trial court's jurisdiction over a party. *Id*. In order for a default judgment to withstand direct attack, it is well-settled that strict compliance with the rules of civil procedure relating to the manner and mode of service of citation must appear on the face of the record. *Insurance Co. of State of Pa. v. Lejeune*, 297 S.W.3d 254, 255 (Tex. 2009); *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994); *Wilson,* 800 S.W.2d at 836; *Union Pac. Corp. v. Legg*, 49 S.W.3d 72, 77 (Tex. App.—Austin 2001, no pet.). When reviewing a direct attack on a default judgment, we make no presumptions in favor of valid issuance, service, and return of citation. *Primate Constr.*, 884 S.W.2d at 152. It is the responsibility of the party requesting service to ensure both that proper service is accomplished and that the record reflects proper service. *Id*. at 153; *Furst v. Smith*, 176 S.W.3d 864, 868–69 (Tex. App.—Houston [1st Dist.] 2005, no pet.). A default judgment is improper against a defendant who has not been served in strict compliance with the rules governing service of process even if the defendant has actual knowledge of the lawsuit. *Primate Constr.*, 884 S.W.2d at 152; *Wilson*, 800 S.W.2d at 836. Whether service strictly complied with the rules is a question of law that we review de novo. *Titus v. Southern Cty. Mut. Ins.*, No. 03-05-00310-CV, 2009 WL 2196041, at \*2 (Tex. App.—Austin July 24, 2009, no pet.) (mem. op.); *Furst*, 176 S.W.3d at 868–70.

Rule 106(a) of the Texas Rules of Civil Procedure provides that unless the citation or an order of the court otherwise directs, the citation shall be served by any authorized person by (1) delivering to the defendant, in person, a true copy of the citation with the date of delivery endorsed thereon with a copy of the petition attached or (2) mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition

6

attached. Tex. R. Civ. P. 106(a). The trial court may, upon motion and supporting affidavit, enter an order authorizing substituted service. Tex. R. Civ. P. 106(b). The rule governing substituted service states:

> Upon motion supported by affidavit stating the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found and stating specifically the facts showing that service has been attempted under either (a)(1) [personal service] or (a)(2) [registered or certified mail] at the location named in such affidavit but has not been successful, the court may authorize service
>
> (1) by leaving a true copy of the citation, with a copy of the petition attached, with anyone over sixteen years of age at the location specified in such affidavit, or
>
> (2) in any other manner that the affidavit or other evidence before the court shows will be reasonably effective to give the defendant notice of the suit.

*Id*.

Because of its greater reliability, Texas law prefers personal service over substituted service. *See E.R.*, 385 S.W.3d at 564 ("If personal service can be effected by the exercise of reasonable diligence, substituted service is not to be resorted to." (quoting *Sgitcovich v. Sgitcovich*, 241 S.W.2d 142, 147 (Tex. 1951))); *Vespa v. National Health Ins. Co.*, 98 S.W.3d 749, 751 (Tex. App.—Fort Worth 2003, no pet.); *Mylonas v. Texas Commerce Bank–Westwood*, 678 S.W.2d 519, 522 (Tex. App.—Houston [14th Dist.] 1984, no writ) ("substituted service is not the preferred method"). Texas allows substituted service, but only after personal service fails. *See State Farm Fire & Cas. Co. v. Costley*, 868 S.W.2d 298, 298–99 (Tex. 1993); *Taylor v. State*, 293 S.W.3d 913, 916 (Tex. App.—Austin 2009, no pet.).

7

In this case, the process server's affidavit stated the following:

I deemed it impractical to personally deliver the CITATION, ORIGINAL PETITION FOR DIVORCE to the named defendant ANNA MARIA CANCINO in the above numbered and styled cause. I have attempted to make personal delivery to the defendant at his/her residence or place of abode, being 1691 YAUPON DR., FISCHER, TX 78623 which was established personally in my efforts. I believe the defendant can and will be given notice of these proceedings by delivering to anyone over the age of sixteen years old living/employed at the above mentioned residence or abode/business, or; by properly affixing to the front entranceway/front gate-post of the above mentioned residence/usual place of business/or other place where the defendant can probably be found or by placing it inside the premises through a mail chute or by slipping it under the front door.

The facts in this Affidavit are true and correct based on my personal knowledge.

Additional Information pertaining to this Service:

4/26/2013   7:00 pm   Attempted Service: 1691 YAUPON DR., FISCHER, TX 78623, No answer, left card

4/27/2013   8:00 am   Attempted Service: 1691 YAUPON DR., FISCHER, TX 78623, No answer, left card. There was a car in the drive and a TV on yet no answer.

4/29/2013   6:40 pm   Attempted Service: 1691 YAUPON DR., FISCHER, TX 78623 Arrived at address and spoke to an elderly male who claimed the defendant was not there. He became angry when I asked if he knew when she would return and he asked me to leave. I spoke with a neighbor who verified the defendant is staying at the address at this time. I spoke with the plaintiff and he said he saw the defendant at the address and is afraid she will leave the country in a matter of days.

Based on the affidavit, the trial court then granted the motion for substituted service and signed the following order:

8

On May 1, 2013 the Court considered the Motion for Alternative Service of [Mr. Cancino] and ORDERS that service on [Ms. Cancino] be effected by any person authorized by rule 103, Texas Rules of Civil Procedure, by leaving a true copy of the citation, with a copy of the pleadings and orders attached, with anyone over sixteen years of age at the residence located at 1691 Yaupon Drive, Fischer, Comal County, Texas, 78623 **OR** by leaving a true copy of the citation, with a copy of the pleadings and orders attached, posted on the door of the residence located at 1691 Yaupon Drive, Fischer, Comal County, Texas, 78623.

Proof of service shall be made by the person executing the return, stating when the citation was served, on whom it was served, and where it was served.

At the hearing on Ms. Cancino's pre-trial motions, the parties addressed the attempted service of citation on Ms. Cancino. On appeal, Ms. Cancino contends that the evidence presented during the pre-trial hearing shows that Ms. Cancino was not properly served. Specifically, Ms. Cancino asserts the following deficiencies in the service of citation: (1) there was no evidence that Mr. Cancino tried to serve Ms. Cancino at her residence in Poland despite his knowledge of her address there; (2) the process server's affidavit incorrectly stated that the Yaupon Drive residence was her "residence or place of abode;" (3) the affidavit incorrectly stated that Mr. Cancino saw Ms. Cancino at the Yaupon Drive residence; and (4) the affidavit contained irreconcilable dates in that the server claimed that he had attempted service a day before Mr. Cancino became aware that Ms. Cancino was in Texas. We agree that the record demonstrates defective service of citation on Ms. Cancino under the strict standards required.

The evidence in the record shows that Ms. Cancino moved back to Poland in May 2012, that Mr. Cancino filed a divorce petition in October 2012, and that the pre-trial hearing took place approximately eight months after Mr. Cancino filed the petition. However, in the months

9

between the petition filing date and the pre-trial hearing, there was no evidence that Mr. Cancino tried to serve Ms. Cancino in Poland even though Mr. Cancino's testimony shows that Mr. Cancino knew Ms. Cancino to be residing in Poland starting in May 2012 and that he was in regular contact with her by email during those months. In addition, exhibits attached to Ms. Cancino's pre-trial motions demonstrate that Mr. Cancino sent items to Ms. Cancino's address in Poland, and Mr. Cancino testified that he mailed items to his daughter in Poland. Specifically, in response to questions from counsel regarding whether Mr. Cancino was able to use Skype to see his daughter while she was in Poland, Mr. Cancino stated: "On [that] particular day, yes, sir, I saw her for seven minutes, because I went to mail her a package full of toys . . . I actually showed her several books and stickers, toys that I was going to mail her to ask her which she wanted. And I actually mailed those, and you actually submitted something showing the receipt of what . . . I sent to Poland for my child."

Service of process on a defendant in Poland is governed by the Hague Service Convention ("the Convention"), which is an international treaty. *See* Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361; *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 698 (1988). The United States and Poland are both signatories to the Convention. *See* Hague Conference on Private International Law, Status Table, 14: Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, *available at* https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 (last visited Jan. 8, 2016). Where the Convention applies, compliance with the provisions of the Convention is

10

mandatory. *Schlunk*, 486 U.S. at 698–99. Despite evidence that Mr. Cancino knew Ms. Cancino's address in Poland, the only mention in the record of any consideration of serving Ms. Cancino in Poland was the following exchange between Mr. Cancino and his counsel:

> Counsel: Did you ever make an inquiry about how much it would cost to have her served in Poland?
>
> Mr. Cancino: I did kind of just look around, Googled. It's looking somewhere around anywhere between two to three thousand dollars.

Mr. Cancino's lack of effort to attempt to serve Ms. Cancino at her address in Poland is particularly problematic given the deficiencies in the process server's affidavit. Most notably, despite Mr. Cancino's knowledge that Ms. Cancino was living in Poland, the process server represented to the trial court in his affidavit that the Yaupon Drive residence was Ms. Cancino's "residence or place of abode." The record does not contain any evidence that the Yaupon Drive residence was Ms. Cancino's residence or place of abode, nor has Mr. Cancino made that claim in the trial court or on appeal. Rather, the testimony from the pre-trial hearing indicates that Ms. Cancino left for Poland in May 2012 and did not return to the United States except for a brief visit in April 2013. The two residents of the Yaupon Drive residence testified that Ms. Cancino did not live there but rather stayed there for a few nights during her visit in April 2013. Specifically, testimony showed that Ms. Cancino arrived in the early morning hours of April 24, 2013, and then spent the night on April 25. Ms. Cancino then left on the morning of April 26 to stay with someone else and did not return until the night of April 29. She spent the night on April 29 and then left on April 30 and did not return. The residents testified that they did not know where Ms. Cancino stayed

11

when she was not at their house, but one of the residents recalled that she may have gone to San Antonio or New Braunfels for some of it. The same resident further testified that he found the citation and petition posted on the door of the residence on the morning of May 2, 2013. He testified that he sent the documents to the trial court the same day he received them with a letter to the court explaining that he believed that Ms. Cancino had left the country. Thus, the record demonstrates that the process server's representation about the Yaupon Drive residence was not accurate.

Although the wife of the man who found the documents posted on the door testified that she took photos of the documents and sent the photos in an email to Ms. Cancino, a defendant's actual knowledge of the lawsuit does not rectify defective service in a case involving a direct attack on a default judgment. *See Primate Constr.*, 884 S.W.2d at 152; *Wilson*, 800 S.W.2d at 836. The propriety of the attempted service on Ms. Cancino is further cast in doubt by the process server's claims that Mr. Cancino saw Ms. Cancino at the Yaupon Drive residence and that the process server attempted service at the residence on April 26, 2013. Mr. Cancino testified he never saw Ms. Cancino at the residence and that he did not become aware that Ms. Cancino was in Texas (and therefore did not contact the process server) until April 27 or 28, 2013, at least a day after the process server claimed to have attempted service.

Given the representations made to the trial court by the process server—that the Yaupon Drive residence was Ms. Cancino's "residence or place of abode . . . which was established personally in [his] efforts," that Mr. Cancino told him that Mr. Cancino saw Ms. Cancino at the residence, and that the process server attempted service at 7 p.m. on April 26, 2013, which was a day before Mr. Cancino contacted the process server—and given the evidence presented at the pre-trial

12

hearing and our obligation to rigidly enforce rules governing service of process when a default judgment is entered, we conclude that the attempted service of process employed in this case did not strictly comply with the rules governing service of process. *See* Tex. R. Civ. P. 106(b) (requiring affidavit supporting motion for substituted service to include defendant's usual place of business, usual place of abode, or other place where defendant can probably be found); *Lejeune*, 297 S.W.3d at 256 ("Strict compliance with the rules governing service of citation is mandatory if a default judgment is to withstand an attack on appeal."); *Wilson*, 800 S.W.2d at 836 (substituted service requires affidavit demonstrating necessity for something other than personal service); *Luby v. Wood*, No. 03-12-00179-CV, 2014 WL 1365736, at *2, 4 (Tex. App.—Austin Apr. 2, 2014, no pet.) (mem. op.) (default judgment reversed because record showed no effort to serve defendant at known Austin address, and plaintiff instead obtained order for substituted service based on one attempt to serve defendant at post-office box); *Business Staffing, Inc. v. Gonzalez*, 331 S.W.3d 791, 792 (Tex. App.—Eastland 2010, no pet.) ("Virtually any deviation from the rules regarding proper service of process will result in the setting aside of a default judgment."); *Williams v. Nexplore Corp.*, No. 05-09-00621-CV, 2010 WL 4945364, at *2 (Tex. App.—Dallas Dec. 7, 2010, pet. denied) (mem. op.) (default judgment reversed where deficiencies in affidavit supporting motion for substituted service rendered service defective).

Because the record before us does not demonstrate strict compliance with the requisites of service of process necessary to uphold the default judgment, we must reverse the default judgment and remand the case to the district court for a new trial. Pursuant to Texas Rule of Civil

Procedure 123, no new service of process is necessary.[4] *See* Tex. R. Civ. P. 123 ("Where the judgment is reversed on appeal or writ of error for the want of service, or because of defective service of process, no new citation shall be issued or served, but the defendant shall be presumed to have entered his appearance to the term of the court at which the mandate shall be filed."); *Ross v. National Ctr. for the Emp't of the Disabled*, 197 S.W.3d 795, 798 (Tex. 2006); *Boyo v. Boyo*, 196 S.W.3d 409, 417 (Tex. App.—Beaumont 2006, no pet.); *Steve Tyrell Prods., Inc. v. Ray*, 674 S.W.2d 430, 435 (Tex. App.—Austin 1984, no writ). Our holding regarding Ms. Cancino's first issue renders a review of the merits of Ms. Cancino's remaining issues unnecessary. *See* Tex. R. App. P. 47.1.

**CONCLUSION**

We reverse the trial court's default judgment and remand the case to the trial court for a new trial.

---

[4] Ms. Cancino does not challenge the trial court's denial of her special appearance on appeal and has therefore waived the issue. *See* Tex. R. App. P. 38.1 (parties must concisely state all issues presented on appeal and must present arguments and citations to authorities and record); *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 577 (Tex. 2006) (absent fundamental error, appellate courts are not authorized to consider issues not properly raised by parties). Ms. Cancino does not argue, nor do we conclude, that the denial of her special appearance was fundamental error. *See id.* at 577 (fundamental error is error that directly and adversely affects interest of public generally or error that is affirmatively and conclusively demonstrated in record because court rendering judgment did not have subject-matter jurisdiction).

14

_____

Cindy Olson Bourland, Justice

Before Justices Puryear, Pemberton, and Bourland

Reversed and Remanded

Filed:   January 13, 2016

15